Derbigny, J. delivered the opinion of the court. The case which was before us, ante 454, is one of those in which the law has provided, that a signature not recognized, shall be verified by two persons, having skill to judge of hand writing. The two persons first appointed having disagreed, a third was named, on the application of the plaintiff, with consent of the defendants. The report of this umpire having been set aside, by order of this court, the plaintiff, on the return of the cause into the inferior court, moved to have another appointed: but the report of this last person being unfavorable to him, he objected to its confirmation, on the ground, that it was the report of an expert only, when the law provides, that two shall be appointed.
It is true, that the article of our civil code which provides this mode of proof, in case of the denial of a signature, does not say that where the two experts disagree, a third person shall be named to act as an umpire. But, the necessity of appointing an umpire, in such a case, *488 is undoubtedly the same, as in cases of referees or arbitrators. Should there be any doubt, however, as to the regularity of his nomination, when not confirmed, there can be no doubt, when it takes place at the request of the parties. Here, the party, applying to have this umpire named, is the plaintiff himself, who now objects to the legality of the report, on the ground that it is the report of an expert only. Such an objection on his part, is entitled to no regard.
Paillette, for the plaintiff, Denis for the defendant.
It is ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.