### *WINN vs. SCOTT.*

When a Probate Judge proceeds to a public sale of property under his own order of Court, he assumes the character of an auctioneer, and *as such* is not answerable for his conduct except under ordinary proceedings established by Law.

The Article 790 of the Code of Practice does not embrace the issuing a mandamus to compel an auctioneer to do his duty—it only applies to cases which have a tendency to aid the jurisdiction of the Supreme Court, which is appellate only.

This was an application to the Supreme Judge for a mandamus to compel a Parish Judge, acting as auctioneer, to adjudicate to the applicant, a certain piece of property, for which he alledges he was the last and highest bidder.

*Winn* in *propria persona* applied for a writ of mandamus to compel Thomas C. Scott, the Parish Judge of Rapides, to adjudicate to him and make a good title to a tract of land appraised to 900 dollars. The petitioner alledges that at the sale of the estate of Tabitha Jett, deceased, he became the last and highest bidder for a tract of 225 arpens of land, and that he bid the appraised value thereof, and no one bidding any more, he demanded of the Judge, who refused to adjudicate the land to him and make him a title accordingly. He avers he made a tender of the sum of 900 dollars which the Judge dispensed with, and refused to receive.

The petitioner prays for a writ of mandamus commanding the Parish Judge to adjudicate the land to him and make him a legal title thereto.

*Mathews J.* delivered the opinion of the Court.

This is an application to the Court to issue a mandamus to the Judge of probates for the Parish of Rapides to compel him to convey to the plaintiff a certain tract of land which he alledges he purchased at a sale of the succession of a certain Mrs. Jett.

Western District.
*October*, 1830.

WINN
*vs.*
SCOTT.

The article 790 of the Code of Practice is relied on as authorising and requiring the Court of Appeals to issue the process now demanded.

We do not believe this article to be applicable to a case like the present. When a Probate Judge proceeds to a public sale of property under his own order of Court, he assumes the character of a Auctioneer, and *as such*, is not answerable for his conduct, except under ordinary proceedings, established by law.

It is true, that the expressions of the Code of Practice on this subject seems to embrace all possible cases. But the authority there granted, must be considered in relation to the constitution which allows to this Court appellate jurisdiction only : and its mandates should be confined to matters which have a tendency to aid that jurisdiction.

It is therefore ordered, that the plaintiff take nothing by his motion.

*When a Probate Judge proceeds to a public sale of property under his own order of Court he assumes the character of an Auctioneer, and as such, is not answerable for his conduct, except under ordinary proceedings established by law.*

*The article 790 of the Code of Practice, does not embrace the issuing a mandamus to compel an Auctioneer to do his duty—it only applies to cases which have a tendency to aid the jurisdiction*