Eastern District,
June 1831.

DORFEUILLE'S
MINORS
vs.
DUPLESSIS & AL

</div>

---

## FLORANCE vs MERCIER.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

The recorder of mortgages is forbidden to refuse or delay the recording of any instrument, importing or stipulating a privilege or mortgage, presented to him for that purpose; but must do it in the order of time, and without leaving any blank space between the acts, as presented.

So where a builder contracts with the *owner* to build a house, and enters into a written agreement with third persons to *slate it*—the former acquires a privilege, to which the latter on certain events happening, may be subrogated.

The builders and material men's privilege must be recorded, in the office of the recorder of mortgages, to have effect against third persons.

The recorder of mortgages is liable in damages to the party aggrieved, for omitting to record, and cannot cancel a mortgage without the party, whose right is thereby destroyed, has been heard

The plaintiff alleges he has applied to the defendant, who is recorder of mortgages for the city and parish of New Orleans, for a certificate to shew there is no privilege or mortgage on a house and lot belonging to him, on the corner of New Levee and Julia streets, except one in favor of the Bank of the United States, and the recorder refuses to grant the certificate, in the form he requires it. He prays that the recorder may be compelled to grant the certificate, and pay him $500 damages for the refusal and delay.

The recorder in his answer says, he has always been ready and willing to grant the certificate, according to the tenor of his books. But that there is a builder, or undertakers *contract* with certain persons to *slate* the roof of the house, built on the plaintiffs lot, which is recorded in his office, importing

Eastern District, a *lien* on the house, which it is his duty to set forth in the cer-
June 1831.     tificate.

FLORENCE         It was admitted on the trial, that this instrument had been
   vs.
MERCIER.     recorded, "on the 4th of March, 1829, and cancelled by the
recorder of mortgages on the 18th of June, 1830, on produc-
tion to him of proof, that the sum therein stipulated had been
paid." And also, that O. Fagan, one of the persons who con-
tracted to slate the house was dead, and Hunter, the other
one, was absent.

The district judge gave judgment, that the recorder should
*omit the builder and undertakers act* in his certificate, on
the ground "that the recording it, created no lien or privi-
lege whatever, upon either the lot or building"—"and that
the transfer of property ought not to be embarrassed by the
recording such acts, &c."

The defendant appealed.

*Slidell*, for the plaintiff.

*Mercier* and *Dennis* for defendant.

*Martin, J.* delivered the opinion of the court.

Roe & Allison, having undertaken to build a house for the
plaintiff, contracted with Hunter & Fagen, for the slating of
the roof. The latter had the contract registered by the de-
fendant, who is register of mortgages. The plaintiff wishing
to dispose of the house, applied for his certificate, and the
defendant refused to give one, unless with a mention of the
contract of the slateing with the plaintiffs undertaker.

The present suit is brought to compel the delivery of a
certificate, without a mention of this contract, and for dama-
ges.

The district court was of opinion, "that the defendant had
mistaken the law—that it is not the recording of an account
which *creates* a mortgage or lien—the recording gives *effect*
to the mortgage or lien—that it was very clear, the act
in the present case, gave no mortgages whatever on the

house, and its being recorded does not help it—that the transfer of property ought not to be embarrassed by the record of acts which give no lien, and the recorder ought to look to it." The defendant was accordingly decreed to give the required certificate, and pay costs. He appealed.

As this judgment acted on a privilege claimed by a third party, who was not before the court, the case must be a very plain one, if any there may be, that could authorize a deduction or diminution of his claim, without his being heard.

The defendant is forbidden to refuse, or delay *in any case*, the recording of acts presented to him for that purpose,(3355) and this he must do in due order, and without leaving any interval or blank space between the acts, (3356.) Not a moment is allowed him for reflection on the first act presented; if another be immediately offered, he cannot delay either. He cannot leave any blank space or intervals for the first, and register the second, on which no doubt arises—neither can he register the second first.

But it is true, the acts which the legislature speaks of, and orders the recorder to register, must be intended to be such only, on which a privilege or a mortgage *may* be claimed—not love letters or challenges to fight.

In the present case, the slaters knew that the undertakers *acquired* under their contract a *privilege*, (2743) to which by their contract with them they were, on certain events happening, *subrogated;* (2744) that the above privileges could not be exercised against third persons, without being recorded, (2746). On this they presented the contract, which was to be the evidence of their subrogation, to the privilege for registry, that the neglect of this formality might not render this privilege unavailable against third parties, the registry took place. Were it admitted, that the recorder erred and made himself liable for damages to the party aggrieved; we cannot see that the case authorizes us to destroy whatever right the slaters may have acquired by the registry, without their

I 3

Eastern District,
June 1821.

FLORENCE
vs.
MERCIER.

The recorder of mortgages is forbidden to refuse or delay the recording of any instrument importing or stipulating a privilege or mortgage presented to him for that purpose; but must do it in the order of time and without leaving any blank space between the acts as presented.

So where a builder contracts with the owner to build a house, and enters into an agreement with third persons to slate it, the former acquires a privilege to which the latter on certain events happening, may be subrogated.

The builders and material men's privilege must be recorded in the office of the recorder of mortgages to have effect against third persons.

The recorder of mortgages is lia-

Eastern District, being heard, or having had the opportunity of being so.    We
June 1831. think the district judge erred in doing so.

FLORENCE
vs
MERCIER
Were we of opinion that he is liable in damages, as the judgment does not decree any, and the appallee has not asked us to amend the judgment, we cannot do it.

ble in damages to the party aggrieved for omitting to record, and cannot cancel a mortgage without the party whose right is thereby destroyed, has been heard.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both cases.