Eastern Dis.
April, 1832.

WATERS ET AL.
vs.
MERCIER
ET AL.

---

WATERS ET AL. *vs.* MERCIER ET AL.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

An action against a curator or beneficiary heir, is rather a proceeding *in rem* than *in personam;* the defendant, if he manage the property legally, is a mere stake holder, and the judgement the plaintiff may obtain can never affect the person or private property of the curator or heir.

Neither does the judgement of an individual creditor, recognizing him as such, give him a mortgage on the land or slaves of the succession.

A register of mortgages cannot cancel a judgement recorded, without the privity of the party who has obtained it; and he is improperly made a party to an action therefor.

A register of mortgages cannot be made liable in damages on a rule to show cause why a *mandamus* should not issue.

The facts are stated in the opinion of the court delivered by MARTIN, J.

The petitioners showed that, during their minority, judgements were obtained against the estate of their father and recorded in the office of Mercier, who is recorder of mortgages; that they have never received any part of, nor accepted the succession of their said father, so that they are not bound for any part of his debts, nor have his creditors any lien or mortgage on the petitioners' property ; yet Mercier

wrongfully insists, in the certificates he gives them, when they attempt to sell any part of their own land and slaves, that there are thereon mortgages, resulting from the aforesaid judgements. Wherefore, they prayed a rule on him to show cause why a *mandamus* should not issue commanding him, when they apply for certificates, to forbear making mention therein of any mortgage resulting from any judgement against the estate.

EASTERN DIS.
*April,* 1832.

WATERS ET AL.
*vs.*
MERCIER
ET AL.

He showed for cause that the judgements stated in the petition were obtained in the Court of Probates, and that Court alone could act therein. He averred he thought it, and it was his duty, to certify the existing mortgages; and claimed damages in reconvention for the troubles the petitioners had unnecessarily put him to.

By a supplemental petition, the petitioners made the plaintiffs, in one of the said judgements, parties to the suit, and prayed that the plaintiff in the other, being absent, and his residence unknown, an attorney or curator, *ad hoc,* might be appointed to him, so that the judgements might be annulled and the registry of them directed to be cancelled.

The plaintiff, in the first judgements, pleaded to the jurisdiction of the court, and that the judgement could not be annulled by a process for a writ of *mandamus;* that the mother and tutrix of the applicants accepted the succession, in their behalf; that the succession was sufficient to pay the debts of the father, and managed and accounted for by the natural tutrix of the applicants.

The curator of the plaintiff, in the other judgement, answered, that the estate of the debtor had been accepted absolutely by his heirs.

The court was of opinion that the petitioners had done no act which rendered them personally liable for the debts of the estate; that the judgements of the Court of Probates bound the estate only, and did not give the plaintiffs any mortgage or lien on the private estate of the petitioners. The recorder of mortgages was decreed to cancel the mortgages registered

WATERS ET AL.
*vs.*
MERCIER
ET AL.

against the petitioners, and to deliver them certificates of non-hypothecation therefor.

The recorder and the plaintiff, in the first judgement, appealed.

The former has contended that the suit, as to him, ought to be dismissed, and has relied on the cases of *Florence* vs. *Mercier*, 2 *L. Rep.* 487. *Walden* vs. *Donalde*, 7 *Martin*, *N. S. Sacerdotte* vs. *Duralde*, 1 *L. Rep.* 482. He has further urged that the judgement is not in conformity with the prayer of the petition.

The other appellant has contended that the deceased's property descended to the appellees, who are liable to his creditors for the amount of the inventory, because the law vested it in them, not in their tutrix. *Old Civil Code*, 166, *art.* 97. *Ib.* 170, *art.* 116. *New Code*, 867. The estate was received for them, and they are presumed to have it. They cannot renounce the succession after an acceptance as beneficiary heirs, without surrendering the property itself. *Civil Code*, 1047. If, after the inventory, the property be casually destroyed by fire or otherwise, the liability of the heir is not destroyed or diminished, whether he be under or of age. It cannot appear that the petitioners have received no part of the estate, unless by the production of their tutrix's or curatrix's account, which they are entitled to demand.

An action a-gainst a curator or beneficiary heir is rather a proceeding *in rem* than *in personam*; the defendant, if he manage the property legally, is a mere stakeholder, and the judgement the plaintiff may obtain can never affect the person or private property of the curator or heir. It is, therefore, clear that the judgement, till the curator or heir, by his misconduct, becomes liable to be made personally a party to the action, and he be cast thereon, gives no mortgage on his property, neither does the judgement of an individual creditor, recognizing him as such, give him a mortgage on the land or slaves of the succession. The judgement, in the present case was, therefore, improperly recorded. The registry of it wrought a real injury to the heirs, as it obstructed the alienation

óf their lands and slaves.    For this injury, the ordinary tribu-
nals, not the Court of Probates, were the proper forum.

It appears to us, however, they mistook their remedy.  The
register of mortgages, having recorded the judgement, could
not, without the privity of the party who had obtained it,
cancel the apparent mortgage.  Cases there may be, in which
a beneficiary heir may be  personally bound  to a creditor of
the estate.    If the register improperly records a judgement,
in giving a mortgage, he may, perhaps, be liable to damages;
but they must be sued for in some other way than by a rule
to show cause why a *mandamus* should not issue.

As in the present case, it is evident that the judgement gave
no mortgage, either against the estate or the private property
of the heirs, the  creditor must repair the injury he has
done in having it recorded, by having it cancelled.

The proceedings against the appellee, Mercier, recorder
of mortgages, appear to us irregular.

*of an individual creditor, recognizing him as such, give him a mortgage on the land or slaves of the succession.*

*A register of mortgages cannot cancel a judgement recorded, without the privity of the party who has obtained it; and he is improperly made a party to an action therefor.*

*A register of mortgages cannot be made liable in damages on a rule to show cause why a mandamus should not issue.*

It is, therefore, ordered, adjudged, and decreed, that the
judgement of the District Court be annulled, avoided and
reversed; and, proceeding to give herein such a judgement as,
in our opinion, ought to have been given below, it is ordered,
adjudged, and decreed, that the defendant, Robert Layton,
cancel, or cause to be cancelled, the record of the judgement,
obtained against the petitioners, as beneficiary heirs of their
deceased father, and that he pay costs in both courts.

*Preston* and *Mercier,* for appellants.

*Slidell* and *Maybin,* contra.