GASQUET ET AL. *vs.* DIMITRY.

APPEAL FROM THE COURT OF THE FIRST DISTRICT.

Subsequent mortgagees can successfully make many objections to the extinguishment of their mortgages, or the release of them by the sheriff, when a sale at the instance of the first mortgagee leaves nothing for them.

A prior mortgagee who requires the court to order the sheriff to release the subsequent mortgages, cannot be heard, unless he has made them parties, or given them notice.

The plaintiffs obtained an order of seizure against the defendant, on a mortgage. The parties agreed that the property should be sold at six and twelve months credit, and the notes discounted at a rate not exceeding twelve per cent. There were seveaal mortgages posterior to that of plaintiffs. The property was sold, and the sheriff has made a return on the execution, by which it appears that the property did not bring more than sufficient, to satisfy the first mortgage. The sheriff is called upon by rule, to release the subsequent mortgages in favor of the purchaser. The sheriff submits himself and prays the direction of the court. Among the mortgagees is that of defendant's wife, who has obtained a judgment of separation of property.

The rule was dismissed and the plaintiffs appealed.

*Schmidt,* for plaintiffs and appellants.

1. The sheriff was bound to release the subsequent mortgages. *Code of Practice, art.* 708.

2. The subsequent mortgagee creditors can have no interest in contesting the plaintiffs' right, as it appears that his debt bears interest, at the rate of ten per cent., and it is in evidence, that it absorbs the whole amount for which the property was sold.

*Canon,* contra.

EASTERN DIS.
*May,* 1834.

GASQUET ET AL
*vs.*
DIMITRY.

MARTIN, J., delivered the opinion of the court.

The plaintiffs are appellants from the discharge of a rule which they had obtained on the sheriff of the parish of New-Orleans, to show cause why he did not release the subsequent mortgages on a tract of land, sold on a writ of seizure and sale, at the instance of the first mortgage whose claime had exhausted the net proceeds of the sale. *Code of Practice,* 708.

The sheriff averred his readiness to do whatever the court would direct, but thought himself entitled to the opinion of the court, in the premises, under the *Code of Practice,* 629.

The record shows that the sale had been made with the consent of the creditor and debtor, at six and twelve months, who agreed that the purchasers notes should be discounted at a rate not exceeding twelve per cent. a year.

The questions which this case presents, are of very great importance, and we have to lament that the parties thought differently, since no counsel appeared to argue them, either in the first court or in this.

Subsequent mortgagees can successfully make many objections to the extinguishment of their mortgages, or the release of them by the sheriff, when a sale at the instance of the first mortgagee, leaves nothing for them.

In the present case the subsequent mortgagees may think they may resist this extinguishment or release, on the score of the terms of sale agreed on between the first mortgagee and the common debtor, as binding on these two individuals alone. The sheriff has thought it his duty to himself, and the subsequent mortgagees, to refrain from acting till he had the counsel of the court.

Our duty now is not to say, whether he erred, but whether the district judge did so.

Although these mortgagees are not parties to the rule, its being made absolute may do them great injury. They may not be bound by it, but the sheriff may release, and the recorder of mortgages, on the production of the release,

may proceed to the radiation of these mortgages, and the radiation may occasion trouble and injury to these mortgagees, and subsequent purchasers.

The first duty of a judge is to hear a party, before he makes a decision to his injury.

Applying this proposition to the present case, we cannot say the first judge erred, when he concluded that the person who required him to order the sheriff to release the mortgages, could not be heard, because he had not made these mortgagees parties or given them notice.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be affirmed with costs.

<div align="right">

EASTERN DIS.
May, 1834.

