HUBERT vs. AUVRAY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW-ORLEANS.

6    595
f120   265

In a controversy between two persons making claim to an office, when it is shown that it is worth more than three hundred dollars a year, the Supreme Court has appellate jurisdiction of the case.

A writ of *quo warranto* is not the remedy to procure a commission from the mayor, which is withheld.

If a person claiming the right to hold an office under the corporation of New-Orleans, applies to the mayor for his commission and it is refused, his remedy is by writ of *mandamus*.

The petitioner alleges that he was duly appointed by the mayor and city council of New-Orleans, syndic and commissary of police for the upper banlieu in said city, in May 1833, and in conformity to the ordinance of the 13th June 1813; that he gave bond for the faithful performance of his duties with John H. Holland his surety; and that he has faithfully performed the duties of his office ever since. He alleges further that the defendant claims and has usurped his right to said office without color of right or authority, and presumes to exercise the duties of syndic to the great prejudice and infringement of the rights of the petitioner; wherefore he prays for a writ of *quo warranto* commanding said Pierre Auvray to show by what authority he claims to exercise the duties of said office, and that he be prohibited from the exercise thereof in future, and declared not qualified to fill such office.

The judge ordered the writ to issue in accordance with the prayer of the petitioner, and ruled the defendant to answer to the petition.

The defendant after reserving the benefit of all exceptions to this mode of proceeding, pleaded the general issue; and that he was the lawful syndic and commissary of police for the upper banlieu or liberties of the city of New-Orleans,

and that the value of said office exceeds three hundred dollars.

In a supplemental answer the defendant filed his peremptory exception or plea to the jurisdiction of the court, on the ground that the legislature has granted the exclusive right to the corporation of New-Orleans to determine the validity of the elections of its members.

The plaintiff offered in evidence the bond executed by him on the 3d of June 1833, before Felix De Armas, the notary public of the corporation, with J. H. Holland as his surety for the faithful performance of the duties of his office.

It appeared from the evidence, that the plaintiff was nominated by the mayor on the 22d May, and confirmed by the council on the 29th., as syndic &c., and that he executed this bond on the 3d of June following, in the office of the notary of the corporation, and that his surety signed a few days afterwards. The mayor from the press of business omitted to sign said bond until after the ten days had expired, within which by a resolution of the city council the bond is required to be executed. The plaintiff neglected to call on the mayor for his commission. After the expiration of the ten days from his former appointment, the mayor concluding that the plaintiff was not regularly in office, re-nominated him to the city council. He neglected to avail himself of the re-nomination. On the 10th of July following, the present defendant was nominated by the mayor to the same office and confirmed by the council. Having complied with the requisites of the law, he now claims the right to exercise the duties of said office.

The evidence shows there is an annual salary attached to said office of one thousand dollars.

The parish court overruled the exception to the jurisdiction on the ground that it was only in the election of mayor, recorder and aldermen that the corporation were the ultimate judges. That this was not the case of an election, but an appointment to office by the mayor and city council.

The court considered that in the appointment of the plaintiff by the mayor and city council, and after having furnished his bond with security within the ten days as required by the

resolution of the city council, dated 22d of February 1830, he was to all intents and purposes syndic and commissary, &c.; that his removal was the result of error, and is null and void. Judgment was rendered forbidding Auvray to interfere in the duties of said office and to pay costs.

EASTERN DIS.
*June*, 1834.

HUBERT
*vs.*
AUVRAY.

The defendant took a rule for a new trial, on the ground that, " the judgment is contrary to ·law," which was discharged, and the defendant appealed.

*Grailhe*, for the plaintiff and appellee.

1. Contended that by the 4th article of the constitution of the state, the Supreme Court had no jurisdiction of this case, it not being a demand for money or property having a value attached to it.

2. There is no sum or valuable amount in contest to give appellant jurisdiction.

*Eustis*, for defendant.

1. The mayor and city council being the appointing power, have the power to remove from office.

2. The appellee was virtually removed by competent authority, and the rejection of his renomination was conclusive as to the intentions and acts of the appointing power. Vide proceedings of the session of the city council of the 10th July 1833.

3. The appointment of Auvray was in fact a removal of the plaintiff.

4. The acts of the mayor and council of the 17th of July 1833, are conclusive as to the rights of the defendant, and this court cannot inquire into the legality of the acts of the city council, as to the removal of an officer of the corporation, (when those acts are legal in point of form,) on the return to a *quo warranto*.

EASTERN DIS.
June, 1834.

HUBERT
vs.
AUVRAY.

MARTIN, J., delivered the opinion of the court.

The defendant is appellant from a judgment forbidding him to exercise the functions of syndic and commissary of police in the upper liberty of the city of New-Orleans.

The dismissal of the appeal has been moved for on the ground of the matter in dispute being an office and not any thing susceptible of valuation so as to appear of the value of three hundred dollars which is the minimum of the matters of which this court has jurisdiction.

In a controversy between two persons making claim to an office, when it is shown that it is worth more than three hundred dollars a year the Supreme Court has appellate jurisdiction of the case.

The record shows that a salary of about one thousand dollars a year is annexed to the office; this certainly gives us jurisdiction.

On the merits, the plaintiff was appointed to the office and within ten days, had an act of suretyship prepared by the notary of the city, which he subscribed, but the testimony shows the surety did not sign until *a few days* after the principal; it does not appear whether he did so within the ten days required by law. The clerk of the notary sought the mayor in vain for several days to procure his signature to the act. The mayor desirous to give the plaintiff a second opportunity renominated him. The plaintiff not having availed himself of the second nomination, the defendant was nominated, gave timely surety and was commissioned.

A writ of *quo warranto* is not the remedy to procure a commission from the mayor, which is withheld.

If a person claiming the right to hold an office under the corporation of New-Orleans, applies to the mayor or for his commission and it is refused, his remedy is by writ of *mandamus.*

The plaintiff brought the present suit in the form of a writ of *quo warranto.*

It does not appear that the mayor was ever applied to by him for a commission. If he had and had improperly refused one, the remedy would have been by a writ of *mandamus* to that magistrate to commission the plaintiff.

The plaintiff ought to attribute his disappointment to his own *laches.*

It is therefore ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, and that there be judgment for the defendant, with costs in both courts.

L'HOMMEDIEU *vs.* PENNY'S EXECUTORS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF NEW-
ORLEANS.

A note found among the papers of a factor at his decease, which had been
taken in payment of the price of property sold for his consignor, belongs to
the latter, and should be delivered up by the executors, or its proceeds if
collected, without being mingled with the estate of the deceased.

The plaintiff who resides in New-York, alleges he consigned a quantity of lime to P. B. Penny, of New-Orleans, in the month of June 1832, which was sold on his account by the latter. Among the purchasers was a Mr. Bosque, who gave his note payable to Penny at five months for one thousand four hundred and twelve dollars and forty-four cents. That Penny died soon after, and E. W. Gregory and N. Harrington were appointed his executors, and took possession of his estate, and have collected the amount of Bosque's note and retain the same. The plaintiff claims the amount of said note as the *legal owner* thereof, and prays judgment against the executors jointly and severally for that sum with interest and costs. The executors pleaded a general denial; and that if said debt is established, the plaintiff be decreed to be an ordinary creditor and only entitled to his dividend *pro rata*, in case the estate of Penny proves insolvent.

It was admitted that Bosque's note was given to Penny for the purchase of lime, the property of the plaintiff, consigned to the former for sale on account of the latter; that the executors received the amount of said note.

The judge of probates was of opinion, that in pursuance of the article 3215 of the *Louisiana Code*, even if the estate of Penny turned out to be insolvent, the plaintiff would be entitled to the entire proceeds of the note which had been given in payment of the price of his property. Judgment was rendered accordingly against the defendants in their capacity of executors of Penny's estate, for one thousand four