EASTERN DIST.
April, 1837.

LAURENT
vs.
SAILLARD, UN-
DER TUTOR, &c.

A motion was made *exparte* to the district judge, to allow the sheriff to correct an error in his return on an execution, and on the judge's refusal to grant the motion, a mandamus was prayed for to compel him: *Held,* that this is a case in which the Supreme Court cannot be called on to exercise its appellate jurisdiction, and it has *appellate* jurisdiction *only.*

correct and proper that the officer should bear the consequences of his own error."

*Bodin,* for the applicants.

---

LAURENT *vs.* SAILLARD, UNDER TUTOR, ETC.

ON AN APPLICATION FOR A MANDAMUS, TO THE JUDGE OF PROBATES FOR THE CITY AND PARISH OF NEW-ORLEANS.

No appeal lies from an order of the judge of probates, requiring an under tutor to institute suit against the tutor of certain minors, for his removal from office, on the ground of alleged insolvency.

The facts of this case show that one Joseph Laurent, instituted suit against Jean R. Saillard, under tutor of the minors Pigneguy, to compel him to bring suit against J. L. Rabassa, to remove him from his office of tutor of said minors, on the score of his insolvency. The general issue was pleaded, and defence made to the suit.

EASTERN DIST.
*April*, 1837.

LAURENT,
*vs.*
SAILLARD, UN-
DER TUTOR, &c.

While the suit was thus pending, Laurent took a rule on the under tutor, to show cause why he should not prosecute the removal of said Rabassa, tutor of said minors, he having became insolvent since his appointment. He resisted the rule, and evidence was produced to test the question at issue. On hearing the parties, the probate judge ordered the suit and prosecution, for the removal of Rabassa, to go on. From this order of the judge, Saillard, the under tutor, prayed an appeal to the Supreme Court. The appeal was refused, and he applied for a *mandamus* to the judge, to show cause, why an appeal should not be allowed.

The judge showed for cause, that the Supreme Court had no appellate jurisdiction over the Court of Probates, when, upon probable cause shown, the Probate Court directs the under tutor of minors to prosecute the removal of a tutor on the ground of supposed insolvency.

2. The judgment in this case, leaves to be hereafter determined, in due course of law, the propriety of the removal of the tutor. *Louisiana Code, article 324. Code of Practice*, 877, 1016, 1059.

*Roselius*, for the applicant.

1. The principle question in this case, for the court to determine, is, whether we are entitled to an appeal. The judgment of the Probate Court is final against the under tutor, and he must either obey, or be imprisoned; this is, as to him, an irreparable injury.

2. There are analogous cases in which it has been decided, "that any judgment which may produce an irreparable injury, shall justify an appeal." 12 *Martin*, 485. 1 *Martin*, N. S., 73.

EASTERN DIST.
*April*, 1837.
LAURENT
*vs.*
SAILLARD, UN-
DER TUTOR, &c.

3. Again, this court has said, "a judgment may be so far final as to be subject to an appeal, without being final as to the point at issue." 9 *Martin*, 519.

4. So, also, an appeal will lie as well from cases submitted to the discretion of a court, as any other. 4 *Louisiana Reports*, 111.

*Carleton, J.*, delivered the opinion of the court.

This is an application for a *mandamus* to the judge of the Probate Court, for the parish and city of New-Orleans.

It appears that Joseph Laurent presented a petition to the Court of Probates, for the parish and city of New-Orleans, alleging the insolvency of Jean L. Rabassa, and praying that he might, on that account, be removed from the tutorship of the minors Pigneguy. Rabassa pleaded the general issue. Laurent then took a rule upon Saillard, the under tutor, to show cause why he should not institute proceedings against Rabassa for his removal from the tutorship. The under tutor replied, that he could not institute such proceedings, inasmuch as Rabassa was not insolvent.

On the hearing of the rule, and the evidence exhibited, the judge determined as follows :

" It is ordered, adjudged and decreed, that Jean Raphael Saillard, as under tutor, do prosecute the removal of J. S. Rabassa, tutor, as aforesaid, for the reasons set forth in the rule."

Saillard being dissatisfied with the decree, asked for an appeal, which was refused. He, thereupon, applied to this court by petition, setting forth the foregoing facts, and prayed for a *mandamus* to the probate judge, requiring him to allow the appeal. The judge, in his return to the rule taken upon him, avers that no appeal can lie from his decree, it being in the nature of instructions to institute a suit, "leaving the propriety of removing the tutor to be hereafter determined in due course of law."

We agree with the judge of the Probate Court, that an order to institute a suit, is not a final judgment in any sense

No appeal lies from an order of the judge of probates, requiring an under tutor to institute suit against the tutor of certain minors for his removal from office, on the ground of alleged insolvency.

of the term. It can work no irreparable injury ; for the rights <span style="float:right">Eastern Dist.<br>*April*, 1837.</span>
of the tutor and minors, as such, cannot be affected, unless
by the judgment to be rendered in a suit not yet begun. The <span style="float:right">PONTCHARTRAIN<br>RAIL ROAD CO.<br>*vs.*<br>PAULDING.</span>
order to bring the suit exists, but not the suit itself; until it
is instituted, no judgment can be pronounced, upon which
this court can act. Let the rule be discharged.