## State *v.* the Judge of the Second District Court of New Orleans.

A mandamus will not be awarded to compel a judge of the District Court to allow a premptory exception to be filed, or to compel him to grant an appeal from the refusal to permit the exception to be filed. The proper practice is to reserve a bill of exceptions to the refusal of the judge, to allow the premptory exception to be filed, in order to bring the matter to the notice of this court, upon an appeal which the party might be entitled to at a subsequent stage.

The mere refusal to allow the filing of a plea is not, of itself, such a judgment as entitles the party offering the plea to remove the case at once from the court of the first instance by appeal.

ON the application of *Richard Relf* for a *mandamus* to the Judge of the Second District Court of New Orleans. *Lea, J.*

*L. C. & G. B. Duncan,* for the relator.

BUCHANAN, J. (SLIDELL, C. J. declined sitting in this cause.) This application is in the alternative to compel the Judge of the District Court to allow a premptory exception to be filed ; or to compel him to grant an appeal from this refusal to permit the said exception to be filed.

Both these remedies seem to be inadmissible. The state of facts presented by the petition for mandamus, does not inform us that a bill of exceptions was reserved to the refusal of the District Judge, to allow the filing of the premptory exception. It is our opinion that this would be the proper course for the party to have pursued in order to bring the matter to our notice upon an appeal, which the party might be entitled to at a subsequent stage of the proceedings.

The mere refusal to allow the filing of a plea, is not of itself such a judgment as entitles the party offering the plea, to remove the case at once from the cognizance of the Court of the first instance by appeal. Co. P., Article 566.

The rule *nisi* is therefore refused.

---

### APPLICATION FOR A REHEARING.

*L. C. & G. B. Duncan :*

The court says that the petition in this case does not inform the Court whether or not a bill of exceptions was taken to the refusal of the Judge to allow the premptory exception to be filed. With great deference we are unable to perceive the application of such an argument, or what it had to do with the immediate question in hand. But in truth it is the only doubtful matter in this whole case, under the views of law entertained by the undersigned whether a party not yet on the record—the record itself not showing in any way that he has appeared or filed any plea or answer, could make any exception to any proceeding which might take place in the case.

An exception must be taken by a *party of Record*. One of the grounds of alledged injustice in the lower Court, is that the Judge refused to allow the *Relator* to place himself on the Record so as to allow him to take exception to anything, and this too after having ex-officio caused the petition to be notified to him. Protesting therefore against any inference to be drawn by this Court from the omission of any such allegation as is referred to in the opinion of the Court, yet the truth nevertheless is that such exception was tendered, but no complaint could be made of the Judge's action thereon, for inasmuch as it re-cited what in truth transpired, the Judge had no difficulty in the matter.

But taking it for granted, and it hardly admits of a doubt, that the Relator has a remedy, such as it is, by appeal, at another stage of the proceedings; does that fact debar the Relator to his remedy of mandamus? We think not. *What is a mandamus?* We answer that it is a *writ of right*—that it is a writ belonging to the citizen ; that he is entitled to it, on showing that he complies with the prerequisite steps—that he is as much entitled to it as he is to an ordinary citation on the filing of a petition. That it is no answer to say that he has *another remedy.* He may have such a remedy : so if a man is about destroying the property of another, it is true that other may let the act be done at the peril of the aggressor and take his action of damages, but it is equally true that he may prevent the injury by injunction, and in truth such remedies are, whenever jurisprudence is well administered, not only tolerated but are favorites in the administration of justice; and that remedy which tends to prevent an injustice should be so held as far preferable over that other, which allows the wrong to be inflicted—the blow to be struck, under the hope of applying the remedy for the injury inflicted.

But to the question of what is a *mandamus ?* The question is answered in the 829 article of the C. P., see also 4 R. 227, 11 R. 285. The writ is also issued in all cases where it is to aid the *appellate* jurisdiction of the Court,— but if it be true in law that no one can appeal until he is a party, then surely the refusal of the Judge to allow the Relator to become a party, is in derogation of the appellate jurisdiction of this Court, and the writ is properly asked for even on the ground of its being to aid in the exercise of the *appellate* jurisdiction of this tribunal.

The 830th Art. expresses its mission in the administration of our system of jurisprudence in terms as broad as the boundless field of good sense, on which with some propriety, we boast that that system is founded.

The Legislature appears to have anticipated the objection which Courts of superior jurisdiction would naturally have, and most properly have, to inter-

fere with the police, as it were, of courts of inferior jurisdiction prior to a final judgment—and has in Article 831 of the C. P. expressly declared that the fact that the party has other means of relief shall not be interposed as an objection to the issuing of this writ, "if the slowness of the ordinary forms is likely to "produce such a delay that the public good, and the administration of justice "will suffer from it." Now, without the semblance of a doubt we do not hesitate to express it as our firm conviction that if allowed to be heard, at bar, in support of the application with the Judge's answer before the Court, which we are authorized to say is ready to be at once set up if the rule itself should be granted—we can, by a proper analysis of the original petition herein—as applied to the law in such cases, show that the party has not only brought himself within the influence of the spirit of the laws in such cases made and provided, but within the very letter. If there is to be any life or spirit left in this Article of the Code,—if it is not to be nullified, and expunged; if the decisions heretofore rendered upon it; some of which we now invite the attention of the Court to, as seen in 2 Martin, 487; N. S. 73; 2 N. S. 573; 4 N. S. 189; 2 La. 88, 394, 503; 4 La. 14; 6 La. 595; 9 La. 94; 14 La. 483; 11 La. 38; 4 R. 50; 5 Annual, 757; are not to be abandoned, then indeed ought this *rule* at least be granted, the party should be allowed to show by a proper presentation of the documents which he refers to as part of his petition, and such as may be exhibited by the answer of the Judge, that the writ itself should be granted. It can be made evident that the Judge has refused to take cognizance of the rights of the Relator, or to pass upon them in any way. It is not contended that this Court can command the Judge of the lower court *what judgment* he must render on the opposition *tendered to be filed*, but it is insisted that this tribunal not only can command him to take cognizance of the matter, but that his taking cognizance of the case and passing upon it in some way, is really the only mode in which that Court can execute its appellate jurisdiction. 5 Ann. 755.

It is believed that the Relator clearly presents his case within the foregoing provisions of the Code, and the decisions thereon, but especially within the Article 837 of the C. P., on which see also 1st. Annual, p. 25. See also C. P. Art. 838, 841, 842, 843.

The Article 566, C. P. referred to by the Court, is believed by the undersigned, in no way to militate against the grounds assumed by the Relator, but in truth to be a powerful supporter, if not conclusive of the case in his behalf. He believes he can make it *perfectly certain* that the case presented is infinitely more cogent than any of the numerous adjudged cases which have arisen under this article—but it cannot be done in an application of this nature without becoming excessively tedious to the Court. An oral statement can be much more condensed as to time than any written statement which can be made.

Where a party presents himself in a case as a third opponent, claiming that the *plaintiff has no right to proceed* in the case against any one, and his application is not allowed to be heard, clearly *if his remedy is by appeal*, in order to make it effectual to any good end or legal purpose, his appeal must be at once from that refusal, because if he is right in his opposition the plaintiff *cannot proceed*—if in this very case, the Relator is right in his pleas, the case is at an end—therefore if any appeal is ever allowed it must be at a time to make that plea effectual if founded on fact, in other words if the refusal in question, of the Judge, is but interlocutory, still it is clearly of such a nature as to work an irreparable injury to the Relator. His whole proposition rests upon the allegation of a right to stop the petitioner in the lower Court from proceeding in the matter at all—the moment that is refused, conclusive injury is done—the right to an appeal is from that refusal instanter, or never, and if *that* appeal is refused, the injurry is certainly irreparable.

The magnitude of the interests involved in this case—the certain amd irreparable injury which will most surely follow a refusal of the remedy now prayed for, as we cannot doubt will follow, is the apology,—if any is required—why we again invoke the hearing of this Court upon the petition filed in this case, and particularly that the rule should issue, and the Relator heard.

Rehearing refused.