### NEW ORLEANS, FEBRUARY, 1869. 123

The State, ex rel. D'Meza et al. v. The Judge of the Fourth District Court, Parish of Orleans.

No. 1999.—THE STATE, ex rel. D'MEZA et al. *v.* THE JUDGE OF THE FOURTH DISTRICT COURT, PARISH OF ORLEANS.

Under the rules laid down in the Code of Practice the Supreme Court of Louisiana will not take general superintending control over the inferior jurisdictions. 3 M. 42; 2 La. 88; 19 La. 478; 8 An. 92. The writ of prohibition, the power to grant which is specially allowed by the Code of Practice to appellate courts of competent jurisdiction is not a writ of right, and is within the sound discretion of the tribunal to which the application is made.

The writ of prohibition will not be granted by the Supreme Court of Louisiana against a tribunal of inferior jurisdiction unless it be in cases where its intervention is necessary for the maintenance of its appellate jurisdiction.

APPLICATION for writ of prohibition. *A. M. Voorhies, Hays & New, A. Pitot,* for relators, *Judge Theard, in personam.*

HOWE, J. The relator avers that, on the twenty-first December, 1867, by a decree of the Fourth District Court of New Orleans, the Citizens' Mutual Insurance Company of New Orleans, a corporation doing business in the city of New Orleans under a charter duly passed and adopted under the laws of the State of Louisiana, was forced into "involuntary insolvency," and Henry Bezow was appointed by the Judge of said Fourth District Court commissioner of the insolvent corporation; that subsequently Henry Bezow filed in the Fourth District Court a suit against the relators for damages due to him in his capacity of commissioner, amounting to the sum of $429,235 95; that the relators filed an exception to the jurisdiction of the Fourth District Court, averring "that the court from which the said Henry Bezow claims to have received his appointment was at the time of said pretended appointment without jurisdiction in the matter, and that said jurisdiction belonged, and belongs, exclusively and properly to the courts of the United States, under the law generally known as the bankrupt law, approved March 2, 1867;" but that said District Judge overruled the said plea, and has since proceeded to take further action in the premises. They insist that the laws of Louisiana on the subject of forced and voluntary insolvency have been virtually repealed by the act of Congress of March 2, 1867, that the Fourth District Court has exceeded and does exceed the bounds of its jurisdiction by decreeing the forced surrender of the Citizens' Mutual Insurance Company, and by proceeding with the liquidation thereof in violation of the laws and constitution of the United States.

They pray for a writ of prohibition to restrain the Judge of the Fourth District Court within the bounds of his jurisdiction, and prohibiting him "to further proceed in the said cause, involving the forced surrender of the Citizens' Mutual Insurance Company, the forfeiture of its charter, and the liquidation of its affairs, under the insolvent laws of the State of Louisiana."

The answer of the judge avers his competency to proceed in the cause, and sets forth the reasons why he believes himself to have had jurisdiction both to appoint the commissioner and to entertain the suit brought by the commissioner against the relators.

It is by no means clear that the relators have ever excepted to the jurisdiction of the Fourth District Court in the proceedings for a

declaration of forfeiture of the charter of the Citizens' Insurance Company and the appointment of a commissioner. The only exception we find in the record is filed in another and distinct proceeding, namely: a personal action, *ex delicto*, instituted by the commissioner against the relators; and, though this exception is called an exception to the jurisdiction, it is strictly an exception to the *capacity* of the plaintiff. It is difficult, therefore, to perceive how the judge of the Fourth District Court exceeded his jurisdiction in deciding that the plaintiff had been properly appointed in a previous and distinct proceeding. It can hardly be that the relators had a right to call upon the judge to decide whether or not the plaintiff had capacity to sue, and then, because he decided that question adversely to their wishes, to denominate his action a usurpation of jurisdiction.

But waiving this point, and granting that the exception we have quoted raises the question of *jurisdiction* in the case in which it was filed, and viewing the case from the standpoint assumed in the argument by both the relators and respondent, the question presents itself at once whether the writ of prohibition is the proper remedy in a case like this. It is not pretended by relators that they are in the situation of the petitioner in the case of Clarke *v.* Rosenda, 5 Rob. 27, where an order of seizure and sale had been issued and the petitioner was unable to give security for a suspensive appeal, and a devolutive appeal would have been an inadequate remedy, and a prohibition was asked, directed to the sheriff and the seizing creditor, on the ground that the petitioner was the assignee in bankruptcy of the property about to be sold.

It will not be contended that under the Constitution we have anything but appellate jurisdiction of such cases as that of Bezow *v.* D'Meza and others, and it is neither averred nor proved that our appellate jurisdiction is in any wise put in jeopardy by the Judge of the Fourth District Court. It is not evident that he will ever give a final judgment against the relators, or that if he shall give a final judgment that he will refuse to grant an appeal therefrom.

Among the first judgments pronounced by this court, Laverty *v.* Duplessis, 3 M. 42, was one disclaiming a general superintending control over the inferior jurisdictions.

In Winn *v.* Scott, 2 La. 88, decided under the present Code of Practice, the court declared that while the expressions of that code upon the subject of mandamus seem to embrace all possible cases, "the authority there granted must be considered in relation to the Constitution, which allows to this court appellate jurisdiction only, and its mandates should be confined to matters which have a tendency to aid that jurisdiction."

In the State *v.* Bermudez, 19 La. 478, this doctrine was reaffirmed.

In State *v.* Judge, 19 La. 183, this court said:

"The writ of prohibition, the power to grant which is specially allowed by the Code of Practice to appellate courts of competent jurisdiction, is not a writ of right; it is within the sound discretion of the tribunal to which the application is made; and the party who resorts to

it is bound to establish such facts as to convince the appellate court that the remedy applied for is necessary, not only for the protection of the legal rights of the party, but also and principally for the constitutional exercise of our appellate jurisdiction. We understand, therefore, that the authority thus granted, being considered in relation to the Constitution, which allows this court appellate jurisdiction only, is to be confined to matters which have a tendency to aid that jurisdiction."

In State v. Judge, 8 An. 92, the court said:

"It is abundantly settled that this court disclaims any general superintending control over the district courts, and limits its summary actions to those cases where its interposition is necessary for the maintenance of its appellate jurisdiction."

In State v. Judge, 11 A. 696, where the relator averred that he had excepted to the jurisdiction of the court below, and that his exception had been improperly overruled and asked for a writ of prohibition, the court said:

"In cases in which a party has an adequate remedy by appeal this court will not listen for a moment to an application for a writ of prohibition or mandamus. We think the relator will, if injured by the overruling of his plea, have an adequate remedy by appeal from such final judgment as may hereafter be rendered against him in the case."

In the case at bar, we are of opinion that if a final judgment shall ever be rendered against the relators they will have an adequate remedy by appeal. The writ they ask for is not one of right, and the case does not show a legal necessity for such a summary remedy. In this view it is unnecessary to consider the other questions in the case.

For the reasons given it is ordered that the rule taken by the relators be dismissed with costs.