Ashbey vs. Ashbey.

* * *

## No. 10,214.

## MARY J. ASHBEY vs. JOSEPH H. ASHBEY.

It is a general rule of practice, that a defendant who does not insist upon the trial of an exception before the case is tried on the merits, is presumed to have waived the exception. But the rule admits of at least one exception, and that is when the exception suggests a defect which the court may notice *ex proprio motu*, such as an omission, in a rule to erase a mortgage, to make the mortgagee, whose rights are involved, a party, or to notify him.

In such a case the mortgagee is not bound by the judgment, although he may be seriously inconvenienced and injured thereby, at least in restoring his mortgage, which may, under the judgment, have been released by the recorder of mortgages.

"The first duty of a judge is to hear a party before he makes a decision to his injury." Gasquet vs. Dimitry, 6 La. 553.

Ashbey vs. Ashbey.

In a rule to cancel the inscription of a mortgage in favor of minors against their natural tutor and to invest the community to which the latter was a party, with ownership of immovable property which stands in the name of the minors alone, their interests are in opposition to those of their tutor, and he is not competent to represent them in this litigation; their under-tutor should be notified.

A PPEAL from the Civil District Court, Parish of Orleans.
Tissot, J.

### J. S. and J. T. Whitaker for Plaintiff and Appellee:

1. When the property of one against whom judgment has been rendered is incumbered by mortgages having an apparent preference over the judgment creditor, the latter may, by rule, proceed to have such mortgages erased. 28 Ann. 753; 1 Ann. 330.

2. All dilatory pleas must be specially set forth in limine and before issue joined otherwise not admissible. C. P. 333; 34 Ann. 966; 11 Ann. 491.

3. Going to trial without insisting upon previous action of the court on exceptions is a presumption of their waiver. 15 Ann. 188; 18 Ann. 207; 23 Ann. 254; 4 La. 482; 14 La. 288.

4. Prescription begins from the majority of the ward. If the minor does not, within four years after majority, take legal action to finally settle his rights and enforce them, prescription will apply. 37 Ann. 809.

5. Even where a tutor fails to plead prescription. third persons who have acquired rights on his property may avail themselves of such plea. 37 Ann. 809; 8 Ann. 504.

6. Where a. judgment has been rendered declaring a contract fraudulent or simulated, courts will not impose on all the creditors the trouble, expense and ,delay of a formal action of revendication, but will, when all parties are before the court as in this case and such judgment is pleaded, receive as full and conclusive proof of such fraud and simulation said record or judgment. 15 Ann. 663.

7. All property acquired during marriage is considered community, and debts contracted during marriage are chargeable to it. C. C. 2371, 2372; 26 Ann. 232, 391; 12 Ann. 396; 21 Ann. 383.

8. The mere declaration in an act of purchase " with her separate funds " does not relieve the wife or her representatives from proving aliunde where an issue is made in such matter that the purchase was made with her paraphernal funds. 18 Ann. 126; 20 Ann. 531.

9. An inscription in the office of the recorder of mortgages ceases to be evidence of the mortgage after the lapse of ten years. The recorder of mortgages is bound to cancel and erase a mortgage on the application of a creditor or party interested that has been registered in his office ten years previous to the application. No notice required in such case to parties interested. 20 Ann. 508.

10. The appointment of an administrator is not a matter of course, but is made when any of the creditors of the succession require it. 2 Ann. 464; 3 Ann. 502; 4 Ann. 561; 30 Ann. 96. Reinscription must be made in the same manner as the first inscription. 28 Ann 775; 21 Ann. 204; 20 Ann. 385.

### A. J. Lewis for Defendant and Appellant.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, as a natural tutrix of her minor children, and joined herein by her children of age and by the tutor of one of her grandchildren, took a rule against the defendant personally, and as natural tutor of his minor children, issue of his second marriage, to which

the sheriff, and the recorder of mortgages of the Parish of Orleans were made parties, with a view to the cancellation of several mortgages affecting certain immovable property which had a short time before been adjudicated to her, and for other purposes.

One of the reliefs prayed for is a judicial declaration to the effect that a piece of immovable property purchased, and standing, in the name of the defendant's second wife, belonged in truth to the community once existing between said spouses.

The mortgages sought to be cancelled are, one in favor of Martha B. and Louis Ashbey, growing out of an act of mortgage of May 20, 1885, and other inscriptions in favor of the same parties, touching their rights in the community between defendant and their deceased mother, who was the first wife of Joseph Ashbey, the full particulars and details of which mortgages are contained in the opinion of the court, rendered this day in the case of Martha J. Ashbey, Tutrix, vs. Joseph H. Ashbey et al. (No. 10,213 on our Docket).

The other mortgage involved in the rule is that in favor of the minor children, issue of Joseph H. Ashbey's second marriage, resulting from an inscription of an abstract of the inventory of their mother's succession, which bears date, June 30, 1884.

The adjudication herein referred to was effected in execution of the judgment rendered May 29, 1885, in favor of plaintiffs in this rule, against Joseph H. Ashbey, also described in the opinion of this court just referred to.

In answer to this rule, Joseph H. Ashbey filed numerous pleas and defenses, all contained in the same pleadings, and many of which are in the nature of dilatory exceptions. He pleaded:

1. The prescription of one year.
2. The misjoinder of parties as plaintiffs.
3. The want of proper parties defendants.
4. The incompetency of the court or division.
5. That a rule was an improper proceeding for the relief sought.
6. No cause of action.
7. That a conventional mortgage securing promissory notes cannot be treated as a nullity on its face.
8. The nullity of the adjudication to plaintiff, Mary Ashbey.
9. That, if valid, the adjudication was burdened with the minor's mortgage.
10. That title to property cannot be determined by rule.
11. A claimed reduction of plaintiff's judgment against J. H. Ashbey.

At a glance it appears that these pleas, which are promiscuously mingled, embrace many matters which, under correct practice, must be urged *in limine ;* and the record shows that defendant went into the trial on the merits without insisting on a decision of any of his exceptions. Hence he is debarred of the right of urging them on appeal. That rule of practice, which is as ancient as our jurisprudence, has been formulated, as follows :

" A defendant, who does not insist upon the trial of an exception before the case is tried on the merits, is presumed to have waived the exception." Kemple vs. Hunt, 4 La. 482. Powell vs. Graves, 15 Ann. 188 ; Cure vs. Porter, 18 Ann. 206 ; Richardson vs. Hunter, 23 Ann. 255 ; Tupery vs. Edmondson, 32 Ann. 1146 ; Hickman vs. Dawson, 33 Ann. 438.

But jurisprudence has recognized, and the condition of this case suggests, an exception to this general rule, and that involves the error of plaintiffs in having utterly failed to make the mortgagees, whose mortgages are herein sought to be cancelled, parties as defendants in their rule.

It has been uniformly held in our jurisprudence, and indeed it stands to reason, that " a mortgagee not made a party to proceedings by which a judgment was obtained, ordering the recorder of mortgages to erase the mortgage held by him, will not be bound by them."

That doctrine, which is really an axiom of law and justice, has led this Court in many cases to refuse countenance to a proceeding looking to the cancellation of mortgages, without notice. to, or hearing from, the mortgagees, even in the absence of any plea to that effect, and in many instances the Court has refused to order the recorder of mortgages to proceed to the cancellation, in the absence of such necessary parties, as this would be equivalent to an order to that officer to perform the duty at his peril. Florance vs. Mercier, 2 La. 489 ; Waters vs. Mercier, 4 La. 17 ; State vs. LeBlanc, Judge, 5 La. 330 ; Gasquet vs. Dimitry, 6 La. 453 ; French vs. Prieur, 6 Rob. 299 ; Leverich vs. Prieur, 8 R. 97 ; Delavigne vs. Gaiennié, 11 Rob. 171.

Now it appears from the record, that three of the inscriptions sought to be erased are in the names of Martha B. and Louis Ashbey ; that one of the mortgages thus to be disposed of is the very act of May 20, 1885, this day recognized by the Court as a valid mortgage (in suit 10,213), and no attempt is shown on the part of plaintiff to have either of these persons, so vitally interested, made a party to these proceedings.

From the statement of the pleadings, contained in the first part of this

opinion, it appears that the plan of subjecting the minors to the rule is by notifying their father as their natural tutor.

But, as to them, the two-fold purpose of the rule is to cancel a mortgage in their favor against their father, and to declare that they own but one-half of a piece of valuable immovable property, of which they are *prima facie* the sole owners, and to invest the ownership of the other half in their father. Hence their interests are in opposition to those of their natural tutor, and under the law, he is incompetent to represent them in this controversy.

Article 275 of the Civil Code provides : "It is the duty of the undertutor to act for the minor, whenever the interest of the minor is in opposition to the interest of the tutor." Frere vs. Frere, 1 New Series, 462; succession of Hebert, 4 Ann. 77; Holmes vs. Hempkin, 6 Rob. 51.

It is therefore safe to conclude that the minors, whose mortgage rights are directly involved and are actually jeopardized in this rule, were not properly before the court, which rendered a judgment entirely annihilating their aforesaid rights.

Their undertutor, who should have been brought into the case, has joined in this appeal, in which his voice must reach the ears of the court.

The theory on which our jurisprudence rests the rule that a mortgagee is a necessary party to a proceeding intended to affect his mortgage, rests on sound policy of reason and justice.

In the case of Gasquet et al vs. Dimitry, 6 La. 454, the plaintiffs in rule sought to coerce the sheriff to cancel a certain mortgage, without a notice to the mortgagee; the sheriff refused to act without an order of court, and although the mortgagee made no appearace, the court discharged the rule and the decision was affirmed on appeal.

This Court said in that case :

"Although these mortgagees are not parties to the rule, its being made absolute may do them great injury. They may not be bound by it, but the sheriff may release, and the recorder of mortgages, on the production of the release, may proceed to the radiation of these mortgages, and the radiation may occasion trouble and injury to these mortgagees, and subsequent purchasers.

"The first duty of a judge is to hear a party before he makes a decision to his injury.

"Applying this proposition to the present case, we cannot say the first judge erred, when he concluded that the person who required him to order the sheriff to release the mortgages, could not be heard because he had not made these mortgagees parties, or given them notice."

This language, characterized by a spirit of wisdom, fairness and

justice, is entirely applicable to the condition of the instant case, and it effectively demonstrates that there is error in the judgment of the District Court, which had granted to plaintiffs' in rule, all the relief which they had prayed for.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, that plaintiffs' rule be discharged at their costs in both courts.

Rehearing refused.