(115 So. 653)

No. 28570.

Succession of TODD.

TODD et al. v. CHANOVE.

Jan. 18, 1928. Rehearing Denied Feb. 13, 1928.

*(Syllabus by Editorial Staff.)*

1. **Parties** ⬤⟿84(1)—**Where petition showed all necessary parties defendant were not joined, courts could ex proprio motu notice defect.**

   Where plaintiffs' petition showed that all necessary parties defendant were not made parties to suit, court could, even ex proprio motu, notice defect, since it cannot proceed properly without such parties.

2. **Executors and administrators** ⬤⟿380(2½)— **Succession; where decree annulling adjudication of property at probate sale would affect rights of others not parties, suit to rescind sale and recover property must be dismissed.**

   Where 360 acres were sold at probate sale, and decree annulling adjudication to permit plaintiffs to recover 80 acres out of property transferred by adjudication would affect rights of others, claiming title through adjudication by transfer from adjudicatee, who were not made parties, suit to rescind sale and recover 80 acres adjudicated thereat must be dismissed for want of necessary parties.

3. **Parties** ⬤⟿29—**Every party who may be affected by decree must be made party to suit.**

   Every party who may be affected by decree must be made party to suit, since no one should be condemned without hearing.

Appeal from Twenty-Second Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Petition by Claude Todd and others against Marrero Chanove to rescind probate sale of real estate of succession of James Todd and recover property adjudicated thereat. From a judgment sustaining an exception of no cause of action, plaintiffs appeal. Judgment set aside, and suit dismissed.

Hiddleston Kenner, of New Orleans, for appellants.

Milner & Porteous, of New Orleans, and Harvey E. Ellis, of Covington, for appellee.

OVERTON, J. This is an appeal from a judgment sustaining an exception of no cause of action, filed against a petition to rescind a probate sale of real estate and to recover the property adjudicated thereat. After the appeal reached this court, the defendant, Marrero Chanove, who is, in fact, the only defendant in the case, filed a plea of prescription of five years, based on article 3543 of the Civil Code. The case is presented to us on an exception of no cause of action and on the plea of prescription of five years. However, there is an exception of nonjoinder of parties defendant in the record, which will require consideration.

It appears, accepting the allegations of fact contained in the petition as true, that James Todd, who was the father of the plaintiffs herein, died in the parish of St. Tammany, in the year 1913, leaving certain real property; that, without applying to be appointed natural tutrix of the plaintiffs herein, all of whom were then minors, and without provoking the appointment of an undertutor to them, their mother, who was the widow of the deceased, petitioned the district court, in and for the parish of St. Tammany, to be appointed administratrix of her husband's succession; that upon the presentation of this petition the district court granted an order

directing that notice of the application be published for 10 days as provided by law; that thereafter the widow of the deceased represented to the court that her application had been published in the manner directed, and that no opposition had been filed to the application; that the court thereupon appointed her administratrix of the succession of the deceased; that immediately after her appointment she presented a petition to the court, representing that it was necessary to sell at public auction for cash the real estate belonging to the succession of her husband for the purpose of paying debts; that the court granted, upon this petition, an order on December 10, 1913, authorizing the sheriff to sell the property for cash, after due advertisement, to pay the debts of the succession; and that the sheriff, acting under the order thus granted, advertised the property for sale, and, on the day of sale, adjudicated it to John A. Todd for $670, a price which, it is alleged, is far below the actual value of the property.

Plaintiffs then allege that the sale, provoked by the administratrix, is null and void, because the order appointing her to administer the succession was illegal, for the reason that the succession owed no debts and an administration thereof was unnecessary, and for the further reason that they were not in position to oppose the appointment of an administrator, since they were minors when the proceedings for administration were had, and were not provided with a tutor or undertutor, or with any one to represent them. Plaintiffs also allege that the sale of the property is null, because the administratrix failed to wait 30 days after her appointment before applying for the order to sell, but obtained the order on the very day she was appointed. They also allege that the sale is null because the sheriff did not have the property appraised in accordance with article 671 of the Code of Practice, in that it was

not appraised by the administratrix and one of the heirs or a creditor having the right to act as an appraiser, and hence that the appraisement made, which it may be here observed is not set forth, is illegal, and, as a result, the sale itself is null. They also allege that the sale is null, because at the time the court granted the order of sale there was not on file a statement of the amount of the debts, which the administratrix alleged made it necessary to sell the property, and therefore the court was not in position to determine whether it was necessary to sell any, a part, or all, of the property. They further allege that the sale was null, because the succession owed no debts, and hence that there existed no reason for the administratrix to sell the property belonging to it. They also allege that the adjudicatee, John A. Todd, was not a purchaser in good faith; that he conspired with the widow of the deceased to open the succession and obtain an order to sell all the real estate belonging to the succession to pay debts, which he knew did not exist, and to procure the appointment of appraisers whom he knew would so appraise the property as to enable him to acquire it at a price far below its value.

Plaintiffs then allege that John A. Todd, after the property had been adjudicated to him, proceeded to sell it to various parties, whom they do not name, with the exception of Mrs. Sidonia Todd, the widow of the deceased, to whom they allege that he sold a part, and with the exception of Marrero Chanove, the only person made defendant herein, to whom they allege that he sold another part, that is, a tract consisting of 80 acres, which they describe.

The prayer of the petition is that Chanove be cited to answer the petition; that plaintiffs have judgment against him, annulling the adjudication made by the sheriff of the real estate that belonged to the succession; and

that plaintiffs be recognized as the owners thereof and be sent into possession as such.

[1] While the lower court decided the exception of no cause of action, and refrained from deciding the exception of nonjoinder of parties defendant, and while the case is presented to us on the exception of no cause of action, and on the plea of prescription of five years, the exception of nonjoinder being merely mentioned in defendant's brief, we nevertheless feel constrained to pass upon the exception last mentioned, for it seems apparent to us, from plaintiffs' petition, that all necessary parties defendant were not made parties to the suit. Where such is the case, the court may, even ex proprio motu, notice the defect, for it cannot proceed properly without such parties. Ashbey v. Ashbey, 41 La. Ann. 138, 5 So. 546.

[2, 3] From what we have said it is obvious that plaintiffs are demanding the annulment of the adjudication to John A. Todd of the real estate sold at the succession sale, and are suing to be decreed the owners thereof. Yet the only person made defendant is Chanove, who, the petition shows, claims only 80 acres of the land. Those claiming the remainder of the 360 acres sold at the sale by transfer from the adjudicatee, if he transferred all of the land, including the widow of the deceased, to whom, it is alleged, a part of the land was transferred, are not made parties to this suit. If it appeared that the 80 acres claimed by Chanove was adjudicated to John A. Todd by a separate adjudication, we might be able to confine plaintiffs' demand to those 80 acres, and consider the suit as to that adjudication alone; but it is needless to consider such an hypothesis, for plaintiffs' petition is so framed as to lead to the conclusion that there was but one adjudication of the entire property to Todd, which was for the sum of $670 cash. It is obvious that a decree annulling the adjudication, alleged to

have been made to Todd, in order to permit plaintiffs to recover 80 acres out of the property transferred by it, would affect the rights of the others claiming title through the adjudication.

"It is elementary that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing." Heirs of Burney v. Ludeling, 41 La. Ann. 627, 634, 6 So. 248, 251.

Since we have reached the foregoing conclusion, it is unnecessary for us to pass upon the exception of no cause of action, or upon the plea of prescription of five years In fact, in the absence of necessary parties, it is better that we should not do so, though in saying this we do not mean to intimate that these exceptions are good or bad.

Since we have concluded to dismiss the suit for a different cause from that relied upon by the trial judge, we shall set aside the judgment rendered.

For the reasons assigned, the judgment appealed from is set aside, and plaintiffs' suit is now dismissed for want of necessary parties; plaintiffs to pay the costs of both courts.