## No. 363

### First Circuit

## CAVANAUGH ET AL. v. YOUNGBLOOD ET AL.

(January 9, 1929. Opinion and Decree.)
(February 13, 1929. Rehearing Refused.)

R. J. O'Neal, of Shreveport. and A. B. Cavanaugh, of Leesville, attorneys for plaintiffs, appellees.

S. I. Foster, of Leesville, attorney for defendants, Fertitta and Maceo, appellants.

W. L. Ford, of Leesville, attorney for curator ad hoc, for Mrs. Theodosia Youngblood, absentee.

ELLIOTT, J. James M. Cavanaugh, Murphy J. Cavanaugh, A. B. Cavanaugh, Ida R. Wilcox nee Cavanaugh, Loren Hays, sole heir of Mrs. Ella Griffin, nee Cavanaugh, and R. E. Cavanaugh individually and as tutrix for Ida Mabel Leach, are, together with Mrs. Theodosia Youngblood, nee Cavanaugh, wife of W. T. Youngblood,

the only descendants, sole and forced heirs of James Cavanaugh, deceased. The seven heirs, plaintiffs first named, have joined in attacking a donation inter vivos made by James Cavanaugh and Addie J. Cavanaugh, to Mrs. Theodosia Youngblood, covering Blocks 24 and 25, Cavanaugh Addition to the town of Leesville, on the ground that it infringes on their rights as forced heirs of their father, was beyond his disposable portion, and an infringement on their legitime. The Act bears date July 20, 1898. James Cavanaugh departed this life on April 30, 1918. This suit was filed in less than five years thereafter. Mrs. Addie Cavanaugh, widow in community of James Cavanaugh, was a party plaintiff to the suit as first brought, but she was eliminated from the case by a judgment previously rendered herein and is not a party to the present controversy.

Judgment was rendered in the lower court in favor of the plaintiffs and against the defendants, Mrs. Theodosia Youngblood and Joe, Rose, Frank and Mrs. Salvatoria Fertitta, individually and as tutrix, and Joe Maceo, holding that the donation in question exceeded their father's disposable portion, recognizing and fixing their interests in the property as forced heirs, etc.

The defendants have appealed. The plaintiffs appeared in this court and answered the appeal, praying that their legitime be fixed at a greater interest than was allowed in the lower court, but their answer cannot be acted on nor considered in the present appeal.

The defendants, Fertitta and Maceo, appellants, have filed in this court an exception, in which they set forth that the case was not put at issue between the plaintiffs and Mrs. Youngblood in the lower court. Plaintiffs' suit is based on Articles of the Civil Code, 1502 et seq. and 1281 et seq. Mrs. Youngblood, donee, is therefore a necessary party and must be before the court; otherwise the discussion which the law provides for, cannot take place nor can the reduction be ordered. A judgment rendered without a previous joinder of issue between plaintiffs and Mrs. Youngblood is illegal and without force or effect. Succession of Todd, 165 La. 453, 115 So. 653. The joining of issue may be by answer or ·exception. Code Practice, Article 357. If there be no issue by answer or exception then it must be joined by a judgment by default, as provided by Code Practice, Arts. 310 and 360. Without a joinder of issue there is no suit. Code Practice Arts. 99 and 359.

The petition and evidence show that Mrs. Youngblood is an absentee; not resident in this state. W. L. Ford, Esq., was appointed curator ad hoc for her, but it does not appear that he made any appearance in the case as such. Mrs. Youngblood did not make any and the minutes of the lower court do not show that judgment by default was entered or confirmed against him or her. Consequently we are constrained to hold that the exception filed by the defendants Fertitta and Maceo, etc., is well taken. The case was not put at issue between the plaintiffs and Mrs. Youngblood in the lower court; the judgment appealed from is therefore illegal, and must be set aside and the case remanded to the lower court to be again taken up and proceeded with as the law directs.

For these reasons the exception filed in this court by the defendants and appellants, Joe, Rose, Frank and Mrs. Salvatoria Fertitta, individually and as tutrix, and Jose Maceo, is sustained.

The judgment appealed from is annulled, avoided and set aside. It is further ordered that the case be remanded to the lower court to be proceeded with in the manner and form prescribed by law.

Plaintiffs and appellees to pay the cost of appeal and the cost incurred in the lower court after the case was set down for trial. The cost previously incurred to abide the final result of the case.