No. 597

First Circuit

## SUCCESSION OF CUMMINGS

(May 6, 1930. Opinion and Decree.)

S. W. Provensal, of Slidell, attorney for plaintiff, appellant.

Harvey E. Ellis and Lindsay W. McDougall, of Covington, attorneys for defendants, appellees.

ELLIOTT, J. On motion to dismiss appeal.

Matilda Henderson Cummings, wife of Octave Cummings, departed this life May 12, 1925, intestate, leaving no ascendants nor descendants; but left her husband, Octave Cummings, and a number of people who claimed to be her collateral relatives, such as first and second cousins.

She left property consisting of land and interests in lands. The parties who claim to be her relatives claim that she left debts, and it is admitted that she was indebted to Mrs. O. R. Brugier, also known as Mrs. Josephine E. Brugier.

Rosella Cousin, who claims to have been a cousin, claimed the administration of her estate, received the appointment, and provoked the sale of all of the real estate and interest in real estate which had been left by the decedent.

She alleged in her petition for the sale that the sale was necessary for the purpose of paying debts. An order for the sale was obtained; it was made by the sheriff, and Mrs. O. R. Brugier and L. V. Menard became the purchasers thereat of all the property, a total of $1,385 resulting therefrom.

On April 26, 1927, Octave Cummings, husband of the decedent at the time of her death, alleging that the property had been sold, brought suit against Menard, Mrs. Brugier, and Rosella Cousin, praying that the sale be annulled, avoided and set aside on the ground that it had been made for the purpose of defrauding him out of his property. He alleges that his wife left no debts, except one due to Mrs. O. R. Brugier. That the said Rosella Cummings, Sam Crawford, Severine Smallwood, George Green, Lena Cummings, Charles Henderson, and Carrie Henderson, alleged by Rosella Cousin in her petition to be appointed administratrix, to have been the cousins of the decedent, were not her cousins nor her heirs at law. That his wife left no relatives; that as surviving husband he was her sole heir.

Mrs. O. R. Brugier, usually referred to and appearing by the name of Josephine E. Brugier, and Rosella Cummings appeared and urged against his suit an exception of non-joinder of parties defendant, upon which Sam Crawford, Severine Smallwood, George Green, Lena Cummings, Charles Henderson, and Carrie Henderson were made parties defendant. It was contended that there were still other relatives, upon which Rosa Lawrence, Charlie Benjamin and Gustave Benjamin were also made defendants. And Sam Crawford having died, his heirs, Eugene, Samson, Leslie, Augusta, and James Crawford, were made parties defendant in his place. And Severine Smallwood having also died, Sophie Magee, her heir, was made a party defendant in her place.

On May 14, 1928, Lena Cummings, George Green, Sam Crawford, Rosa Lawrence filed an answer. They alleged in their answer that Matilda Henderson Cummings owed debts other than the one due Mrs. Brugier;

denied plaintiff's charges of fraud alleged against the sale; alleged that they, together with Rosella Cousin, Charles Benjamin, Carrie Benjamin, and Carrie Smallwood were cousins of the decedent, and were, as such, her heirs at law. They deny that the plaintiff had any interest in the property left by his wife. They allege that Charles Henderson, father of Matilda Cummings, had three sisters, to-wit, Rebecca, Matilda, and Elizabeth. That Elizabeth married Gistent Crawford, father of Sam Crawford, defendant, one of the heirs. That Gistent Crawford died and Elizabeth then married Paul Smallwood, father of Severine Smallwood, defendant and heir. That Rebecca married George Green, father of George Green and Lena Cummings, defendants, heirs. That Matilda was the mother of Rosella Lawrence, defendant.

On June 13, 1927, L. V. Menard appeared and excepted to plaintiff's demand on the ground that his petition disclosed no right or cause of action. This exception by Menard was sustained by judgment rendered June 15, 1927. The judgment sustaining this exception states that evidence was heard on the subject, and that the law and the evidence was in favor of the defendant Menard, and dismissed him from the suit. Supposing the proceedings to have been regular, the only evidence that could have been heard must have been for the purpose of showing that the property in suit had been inherited by Matilda Cummings, and was therefore her separate and paraphernal estate, and that she left collateral relatives, defendants, in which event the plaintiff would have had no right of action to attack the sale. Code of Practice, art. 15. No appeal was taken from this judgment, and it is therefore final.

On July 11th Mrs. Brugier excepted to plaintiff's demand, urging that his petition disclosed no right or cause of action against her, but this exception was, by order of the court, referred to the merits. Mrs. Brugier then filed an answer in which her demands, averments, and allegations are, in all material respects, similar to those urged in the answer of Lena Cummings, George Green, Sam Crawford, and Rosa Lawrence.

On May 16, 1929, the case was taken up for trial on the answer of Lena Cummings, George Green, Sam Crawford, and Rosa Lawrence, and that of Mrs. Brugier. A statement made at the top of the note of testimony is to the effect that the case was taken up on regular assignment, the counsel for plaintiff not being present, but had been notified of the assignment. The evidence presented by the defendants was heard and judgment rendered in favor of defendants the same day. The judgment states that the case came on to be heard on the exception of no right or cause of action previously filed, and referred to the merits. That the law and the evidence being in favor of defendants Josephine E. Brugier, Edgla Crawford et al., and against the plaintiff, Octave Cummings, the said exception was sustained and the suit dismissed.

On June 5, 1929, the clerk of court, acting on the suggestion of Octave Cummings, plaintiff, signed an order directing that Rosella Cousin, administratrix, show cause why she should not file an account and produce her bank book. A provisional account was filed on July 8, 1929, but it seems that the bank book was not produced, because July 19, 1929, the chief deputy clerk of court, acting on the suggestion of Octave Cummings, plaintiff, signed a further order directing Rosella Cousin, administratrix, to show cause why she should not be adjudged guilty of contempt for not having produced her bank book.

On July 15, 1929, Rosella Cousin, administratrix, excepted to the rule, and she at the same time excepted to an opposition which the said Cummings had filed to her provisional account, on the ground that the said Cummings had "no right or interest in this succession, and no right or cause of action to oppose the said account." She urged in her exception that it had been decided in the judgment of May 16, 1929, that said Cummings had no right or interest in the succession, and that his suit had been dismissed. That said judgment was res judicata as to the matters decided. She urged the judgment as a bar against his said proceedings against her and also as a bar against his opposition to her account. The court on the same day, to-wit, July 15, 1929, acted on the exception of the administratrix and sustained same, holding that said Cummings had no right nor interest in the succession of the decedent. The effect of this judgment was to not only exclude the opposition which Octave Cummings had filed to the provisional account, but it also set aside the other proceedings which he had instituted against the administratrix.

In his petition for appeal he complains of the judgment of May 16, 1929, in favor of the defendants, Mrs. Brugier, Edgla Crawford et al., and of the two judgments of July 15, 1929, in favor of Rosella Cousin, administratrix. He urges various grounds of complaint, the enumeration of which would be of no help in sustaining his appeal.

The judgment in favor of L. V. Menard, purchaser of part of the property, signed June 15, 1927, sold under the same order and in the same sale, is final and cannot be reviewed. The result creates a situation, should the review of the proceedings leading to the sale whereby Mrs. Brugier purchased the other part of the property be undertaken, very similar to that which existed in the Succession of Todd, 165 La. 453, 115 So. 653. But that is not a ground on which we think it well to act in this case.

The record shows that Sam Crawford, Josephine E. Brugier became surety on the bond which Rosella Cousin gave as administratrix.

The petition for appeal, article 5, alleges that the judgment rendered, mentioned in article 2 of her petition for appeal, which was the judgment of May 16, 1929, and the judgment on the rule against the administratrix *and her surety* to show cause why the administratrix should not be taxed with the statutory penalties for failure to obey the order of the court in the production of her bank book, and the judgment refusing to permit him to oppose the provisional account, which were the judgments of July 15, 1929, are contrary to the law and the evidence, and that petitioner is aggrieved thereby and desires to appeal therefrom, devolutively, etc. He then prays as follows:

"Wherefore petitioner prays for an order of devolutive appeal from the judgment rendered May 16th, 1929, and signed the same day, from the judgment on the rule to show cause why the administratrix *and her surety* should not be condemned to pay the statutory penalties for failure to obey the order of the court in the production of her bank book, and from the judgment denying your petitioner the right to be heard on the opposition to the provisional account," etc.

Petitioner further prays for service and citation upon Rosella Cousin, administratrix, and upon Josephine E. Brugier, surety, and for all costs and all general and equitable relief.

The order of appeal, so far as pertinent, reads:

"Let petitioner be and he is hereby granted a devolutive appeal as prayed for in the foregoing petition, * * * Let a copy of this petition and order and citation of appeal be served upon Rosella Cousin, administratrix, and Josephine E. Brugier, surety, according to law."

Bond was given and the appeal is before us.

L. V. Menard filed a motion to dismiss the appeal on the ground that several terms of court had passed since June 15, 1927, at which time judgment was rendered in his favor, and no appeal was taken therefrom. That there were a number of defendants, but the only persons given notice of the appeal were Rosella Cousin, administratrix, and Mrs. Josephine E. Brugier. That no appeal having been taken at the term of court at which the judgment in his favor was rendered, and that, as he is not a party to the present appeal, it should be dismissed. We do not act on this motion; no appeal was taken from the judgment rendered in favor of Menard. He is not a party to the appeal; consequently he has no right to have it dismissed.

But Mrs. Josephine E. Brugier and Rosella Cousin, administratrix, have also filed a motion to dismiss. Their motion urges that the appeal be dismissed, on several grounds; one of the grounds urged is that no appeal was taken from the judgment signed May 16, 1929, dismissing plaintiff's suit, at the term at which it was rendered. That there were, besides Mrs. Brugier, a number of other defendants, in whose favor said judgment was rendered. The other parties are named in the motion, and it is urged that these other defendants, not having been made parties to the present appeal, said judgment, meaning the judgment of May 16, 1929, cannot be reviewed.

They also urge against the appeal that none was taken from either of the judgments signed July 15, 1929, at the term of court during which the said judgments were rendered, and that said judgment cannot be reviewed because all the parties defendant are not parties to the present appeal. We understand the meaning of the motion to be that a review of the two judgments of July 15, 1929, would be ineffectual, unless the judgment of May 16, 1929, dismissing plaintiff's suit, was also reviewed, and that the judgment of May 16, 1929, cannot be reviewed, because the parties necessary to that end have not been made parties to the present appeal.

And whether that is the meaning and one of the grounds of the motion or not, the record shows that the situation is such that, unless the judgment of May 16, 1929, has been brought up and can be reviewed on the present appeal, then the appeal must be dismissed ex officio, because no relief can be adjudged nor decreed on appeal in favor of said Cummings.

The petition for appeal does not request that anybody be made parties to the appeal, except Rosella Cousin, administratrix, and Mrs. Brugier, as surety. The citation of appeal to Mrs. Brugier is addressed to her as Josephine E. Brugier; but it is to answer the petition for an appeal, the concluding prayer of which is that she be cited as surety. The only capacity in which she is surety is that she is such on the bond of Rosella Cousin as administratrix. It therefore appears that there is no prayer for, consequently no order granting, an appeal, except from the two judgments rendered in favor of Rosella Cousin, administratrix, on July 15, 1929.

The judgment of May 16, 1929, is therefore not subject to be reviewed on this appeal, and, as it appears that the fault for not having necessary parties for the purpose before the court is imputable to the said Cummings, appellant, the appeal must be dismissed.