## No. 897

## First Circuit

## DUPLISSEY v. THISTLETHWAITE LBR. CO., LTD.

(February 8, 1932. Opinion and Decree.)

S. W. Gardiner, of Ville Platte, attorney for plaintiff, appellant.

William Alex Robertson, of Opelousas, attorney for defendant, appellee.

LeBLANC, J. Plaintiff brought this suit against the defendant praying to have a certain contract alleged to exist between them annulled, and for an accounting of certain timber and logs alleged to have been cut and removed thereunder, and that judgment be rendered in her fa-

vor for whatever sum of money may be due her therefor.

In answer to a demand for oyer, plaintiff produced and filed the written contract she seeks to have annulled, and, as the contract, on its face shows that it was one entered into between the defendant with two other parties besides herself, an exception of non-joinder of parties was filed by the defendant which was sustained by the lower court. An exception of vagueness was also maintained and the plaintiff having failed to amend her petition or to make the necessary parties within the thirty days granted for that purpose by the court, judgment was rendered dismissing her suit at her cost, whereupon she took this devolutive appeal.

In this court we find the plaintiff, through her counsel, urging against the exception of non-joinder of parties, that where a contract contains distinct obligations to perform different things in favor of several persons, the obligations become several and unconnected, and each obligee has his own separate and distinct remedy on the obligation created toward him individually. That no doubt is a correct statement of our law. In fact, it is almost the exact language of article 2079 of the Revised Civil Code. But the principle is certainly not applicable in this case, as that is not the nature of the contract here involved. · The document which plaintiff produced is in the form of a letter addressed to Charles A. Duplissey and signed by the president of the defendant company. It begins as follows: "This is to confirm purchase of the timber on lands belonging to yourself and others in Evangeline Parish, description and terms as follows:—" Then follows the description of a single tract of land said to contain approximately 1,000 acres identified as "all lands owned by us or either of us in said above named sections." The next para-graph fixes the terms of payment with no mention being made of any one individual. An acknowledgment of an advance payment of $1,800 in part payment is made, again without any distinction as to any one person. After the signature of the defendant company, through its president, appears the words: "Accepted and confirmed by us," and the signatures "Chas. A. Duplissey," "Catherine J. Duplissey" and "Mary P. A. Duplissey," and the contract is attested by two witnesses. A few days after its date, the contract was duly acknowledged by one of the witnesses before a notary public, as the document that had been executed by all parties thereto.

These, the vital provisions of the contract which have been quoted and referred to, indicate clearly, we think, that there are no separate or distinct obligations in favor of any one of the parties thereto. The suit is for the annulment of the contract as a whole and not for any separate or distinct obligation in favor of the plaintiff thereunder. The two other parties appear as equally interested in the contract, and they are not before the court either as plaintiffs or defendants. Their rights and interest would certainly be affected by any decree that might be rendered by the court and it follows that they are necessary parties to the suit. Ashbey v. Ashbey, 41 La. Ann. 138, 5 So. 546; Heirs of · Burney v. Ludeling, 41 La. Ann. 627, 6 So. 248; Succession of Todd, 165 La. 453, 115 So. 653.

We find the judgment of the lower court which sustained the exception of non-joinder and dismissed the plaintiff's suit after her failure to make necessary parties, correct.

· In view of the dismissal of the suit on this exception it is unnecessary for us to consider and pass on the exception of vagueness which had also been sustained.