200 So. 9

DE HART et al. v. CONTINENTAL LAND & FUR CO., Inc., et al.

No. 35832.

Dec. 2, 1940.

Rehearing Denied Jan. 6, 1941.

C. A. Blanchard, of Donaldsonville, for plaintiffs and appellees.

Claude Ellender, of Houma, and Henry G. Bloch, of New Orleans, for Continental Land & Fur Co., Inc., defendant and appellant.

Harvey Peltier, of Thibodaux, and Rene H. Himel, and C. C. Aycock, both of Franklin, for Huth Construction Co., Inc., N. G. Huth, and C. A. Aycock, defendants and appellants.

ODOM, Justice.

In stating the issues involved in the present suit, it is necessary to refer to our opinion and decree in the case of Continental Land & Fur Co., Inc., v. Norman Lacoste, reported in 192 La. 561, 188 So. 700, 706. That was a petitory action brought by the land company (one of the defendants in this suit) against Norman Lacoste, to establish its title to 10 acres of land located on the east bank of the Atchafalaya River in Terrebonne Parish, now known and referred to as "Shell Mound." The defendant Lacoste claimed title to the land by virtue of two patents issued to his grandparents, Mr. and Mrs. Jesse DeHart. In the alternative, he pleaded the prescription of 30 years.

The prescription of 30 years was sustained by the trial judge, and plaintiff's demand was rejected. We affirmed the judgment.

Norman Lacoste's plea of 30 years' prescription was sustained because it was found that his grandparents, Mr. and Mrs. Jesse DeHart, took physical possession of the shell mound at some time between 1869 and 1879, and remained in possession until they died. Jesse DeHart died December 5 1891. After his death, his widow, Mrs. DeHart, lived in the family residence on the land with her daughter, Irene DeHart, wife of Thomas Lacoste, until Mrs. DeHart's death in 1906. Thomas Lacoste and his wife continued to live in the house until they died. Mrs. Lacoste died in 1925, and Thomas Lacoste died in 1927. Norman Lacoste, the defendant in that suit, is one of the 11 children of Irene DeHart, wife of Thomas Lacoste. After the death of his parents, he continued residing in the old DeHart residence until about the time that suit was filed.

So it was held that the 30 years' prescription pleaded by Norman Lacoste, the defendant, was well founded and that the land company had lost title.

The Chief Justice, who wrote the opinion for the court made the following observation:

"A number of persons claiming to be the heirs of Isiah De Hart, deceased, who was a son of Mr. and Mrs. Jesse De Hart, intervened in this suit and asked to be recognized as part owners of the land in contest; but the attorney who filed the petition of intervention afterwards withdrew his name as attorney for the interveners; and it does not appear that the petition of intervention was ever put at issue, or that any further proceedings were had in the matter. The judgment that was rendered in this case, therefore, does not purport to pass judgment upon the rights of the interveners, or of any one but the plaintiff and defendant in this suit."

Before our decree in that case became final, the Continental Land & Fur Co., Inc., plaintiff in that case and one of the defendants in the present suit, leased the shell mound to the Huth Construction Co., Inc., the other defendant here, granting it the privilege of removing clam shells from the mound. The latter company removed from the mound a considerable quantity of shells, dug a canal, and removed some trees.

The present suit is against the Continental Land & Fur Co., Inc., and the Huth Construction Co., Inc., for damages arising out of what plaintiffs allege was a willful trespass upon their property, and for the value of the shells removed. Plaintiffs sue for the market value of the shells removed, for damage to their property resulting from the digging of the canal, and for the cost of restoring the island to its former condition.

The suit was brought by 43 individuals who alleged that they "and other persons hereinafter named and in the proportion hereafter set forth" were the owners of certain land described in two land patents issued to Mr. and Mrs. Jesse DeHart and also a certain tract of land known as "Deer Island" where the shell mound is located, and that they were then, and for 30 years had been, in physical possession of the land.

They alleged that the "Deer Island" tract was acquired by Mr. and Mrs. Jesse DeHart by virtue of the patents, and, in the alternative, "by virtue of their and petitioners' continual uninterrupted and open, actual corporeal, physical possession of the said 'Deer Island' for a period of more than thirty years". The land last described is the tract which the Continental Land & Fur Co., Inc., lost by the prescription of 30 years. See the Lacoste suit, supra. Plaintiffs claim to be heirs, but not the sole heirs, of Mr. and Mrs. Jesse DeHart. In Paragraph 35 of their petition they allege:

"That petitioners aver and show that they recapitulate the entire list of heirs and the interest of each heir, as follows."

Then follow the names of 100 persons. Written to the right of and opposite each name are figures denoting the proportional share or portion of the property owned by each.

Subsequently 17 persons intervened in the suit, alleging that they were heirs and had an interest in the claim asserted by the plaintiffs, and joined them in the suit. The names of the 17 intervenors are listed by plaintiffs as heirs of Mr. and Mrs. Jesse DeHart in Paragraph 35 of their petition.

It thus appears that only 60 of the 100 alleged heirs of Mr. and Mrs. Jesse DeHart were joined in this suit as plaintiffs against the defendants. The other 40 heirs were not parties, made no appearance, and were not represented in the suit.

Although Norman Lacoste, a grandson of Mr. and Mrs. Jesse DeHart, was the sole defendant in the suit of Continental Land & Fur Co. v. Lacoste, supra, he did not join the plaintiffs and intervenors in bringing this suit, nor was he made a party thereto.

The judge in his written reasons declared that it was his opinion:

"That Sanders DeHart and his several coplaintiffs in the above entitled and numbered cause, together with the persons named and enumerated in Art '35' of said petition as 'the entire list of heirs and the interest of each heir' of the late Mr. & Mrs. Jesse DeHart; and also together with said James DeHart and the sixteen other persons who appeared together with said James DeHart, on Aug. 9th. 1938, by way of Intervention in the above entitled and

numbered cause, are entitled to be recognized as the heirs of Mr. & Mrs. Jesse De-Hart (Except that the correct heirs of Abraham DeHart and of Alfred DeHart are found to be as set forth by the intervenors instead of as set forth in articles '6 & 7' of the original petition),; and that, as such, they be decreed and recognized as the owners and possessors, in the several individual proportions alleged and set forth in their pleadings, of" [then follows a description of the shell mound];

"And that, as such owners and possessors, they shall have and recover judgment in the individual proportions hereinabove recognized against the defendants, (named in the above entitled and numbered cause), in solido, for the full sum of Six Thousand, Nine Hundred and Seventy and $\frac{33}{100}$ ($6,-970.33) Dollars, together with legal interest from judicial demand, and all costs of court.

"Let there be judgment in accordance with the above opinions and conclusions."

There was judgment in accordance with the opinion, the last clause of the judgment reading as follows:

"It is further ordered, adjudged and decreed that the heirs of Jesse DeHart and Mrs. Jesse DeHart, *and* the proportions inherited by each, be and the same are hereby decreed to be as follows, to-wit."

Then follow the names of 100 persons with figures set opposite each name denoting the fractional or proportional share of each.

From this judgment the defendants appealed. Plaintiffs answered the appeal, praying that the amount awarded be increased.

After the case was tried and before judgment was rendered, counsel for Huth Construction Co., Inc., filed a motion to reopen the case for the purpose of allowing defendants an opportunity to compel plaintiffs to make the heirs of Mrs. Irene De-Hart Lacoste, wife of Thomas Lacoste, one of the heirs being Norman Lacoste, parties to the suit. They alleged that these heirs were necessary parties.

On the following day this defendant filed a formal exception of non-joinder of parties plaintiff, alleging that the testimony adduced at the trial showed that the following named persons, to-wit: Clarence, Norman, Dennis, Frank, and Jesse Lacoste; Margaret Lacoste, wife of Hilton Rink; Arsilie Lacoste, wife of Emile Aucoin; Evelyn Lacoste, wife of Webster Aucoin; Luvinia Lacoste, wife of Thomas Lambert —children and heirs of Irene DeHart and Thomas Lacoste—"claim to be the owners of the property and claim to have the sole right to the damages sought to be recovered by the Plaintiffs and Intervenors herein".

Defendant alleged that these heirs were necessary parties to this suit, and prayed that plaintiffs be ordered, by supplemental petition to be filed within 10 days, to have the named heirs of Mrs. Irene DeHart Lacoste cited in order that they might assert any claim they may have to share in the alleged damages claimed by the plaintiffs and intervenors, including the value of the clam shells removed from the shell mound.

The trial judge overruled the motion to reopen the case for the purpose of permitting defendant to file its plea of nonjoinder, on the ground that such plea should be filed in limine; otherwise it came too late.

■ According to the technical rules of pleading, the ruling was correct. But we think that, under the circumstances disclosed by the record, the trial judge abused his discretion when he refused to reopen the case for the purpose suggested by counsel for defendant.

These defendants do not claim to own the property from which the shells were removed and which plaintiffs allege was damaged, and therefore the question as to who owns it is no concern of theirs except in this way: They are ordered by the court to pay the sum of $6,970.33 to 100 named individuals as descendants and heirs of Mr. and Mrs. Jesse DeHart, "in the individual proportions appearing opposite their names" in the judgment.

The "individual proportions" are fractional and range all the way from 1/40 down to 1/672. We note that each of the 11 children of Irene DeHart Lacoste, including Norman Lacoste, defendant in the first suit, is to receive 1/88 of the sum defendants are ordered to pay.

The basis of the decree ordering the sum paid in these "individual proportions" was the court's finding that the named 100 descendants of Mr. and Mrs. Jesse DeHart owned the property in the proportions set out. If the individuals own the property in the proportions set opposite their names,

defendants will be protected by paying as directed. If they do not, defendants will have no protection and may have to pay again at the end of another lawsuit.

Manifestly the court could not render a valid decree fixing the proportional or fractional interest in the land owned by those descendants of Mr. and Mrs. Jesse DeHart who were not parties to the suit. No one can be condemned without a hearing. The court has decreed that the 11 children of Mrs. Irene DeHart Lacoste own each an undivided 1/88 interest in the land, or all together 1/8. But they are not bound by that decree. They were not parties. Not being bound, they can later, if not satisfied with the judgment, claim judicially a greater interest or the whole interest in the property, or Norman Lacoste, one of them, may claim the whole of it.

The heirs of Mrs. Irene DeHart Lacoste may, if they wish, refuse to accept from defendants the proportional interest in the amount of the money judgment. But, if the judgment stands, defendants must pay 7/8 of the amount to the others, which amount or a part of it would be a loss in case the Irene DeHart heirs or Norman Lacoste alone should later be recognized as owners of a greater or the entire interest in the land.

Attorneys for Norman Lacoste have served notice that in their opinion the judgment rendered herein is an absolute nullity and that their client is not bound by it. When the case was called for argument in this court, they filed a document reciting among other things that "mover is the same

person who was made defendant in the petitory action entitled 'Continental Land & Fur Co., Inc. v. Norman Lacoste' * *; that in said cause mover's plea of thirty-years' prescription was maintained, and title to said property was confirmed in mover; and that this Honorable Court affirmed the decision which recognized and established title in mover".

The document further recites "that the entire record of this cause shows clearly and unequivocally that the plaintiffs and intervenors, in order to sustain their claim for damages against the defendants and appellants, relied entirely and exclusively upon the acts of possession of mover and his immediate ancestor; that, consequently, mover may not wish all or any of the heirs of Mr. and Mrs. Jesse DeHart to participate in the fruits of his possession, and he may have and does have a legal right to prevent their sharing the advantages of his vigilance and labor".

The purpose of filing the document in this court was to prevent the plaintiffs and defendants from urging that said Norman Lacoste was estopped to show the invalidity and absolute nullity of said judgment in case he should later on seek to avoid its effect. This pleading or motion was served on the attorneys for both the plaintiffs and the defendants.

■■ The lack of proper parties in this case is shown by the pleadings. When the absence of a necessary party or parties is apparent from the record, the court may take notice of that fact on its own motion and may refuse to proceed further with the case. Cucullu v. Walker, 16 La.Ann. 198; Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546; Burney's Heirs v. Ludeling, 41 La. Ann. 627, 6 So. 248; Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879; Blum & Co. v. Wyly, 111 La. 1092, 36 So. 202; Succession of Todd, 165 La. 453, 115 So. 653; Harvey v. Engler, 184 La. 858, 168 So. 81.

■■ It follows that the judge has discretion to reopen the case after trial and before judgment to permit a litigant to file exceptions of non-joinder. In view of the circumstances disclosed by the record in this case, we think the judge abused his discretion in refusing to reopen the case for the purpose of allowing defendants to file their exception of non-joinder.

In the case of Reed v. Warren, 172 La. 1082, 136 So. 59, 60, the question before the court was "whether several persons having a right of action for damages against one who inflicted personal injuries causing the death of another must be made parties to one suit for damages, or may bring as many suits as there are persons entitled to the right of action". It was held that the defendant had a right to insist that all having a right of action should be made parties to a single suit. The ruling in that case was reaffirmed in Norton et al. v. Crescent City Mfg. Co., 178 La. 135, 150 So. 855.

On principle, there is no difference between the situation there presented and the one here.

Counsel for defendants have not asked that all of the DeHart heirs not represented

in the suit be made parties. They have asked only that Norman Lacoste and the other heirs of Mrs. Irene DeHart Lacoste be made parties. It is alleged in plaintiffs' petition that the Irene DeHart heirs all live in the Parish of St. Mary.

For the reasons assigned, the judgment appealed from is set aside and the case is remanded to the district court for further proceedings in accordance with the view herein expressed; costs of the appeal to be borne by plaintiffs, all other costs to abide the final disposition of the case.

On Rehearing.

PER CURIAM.

The sole point decided by us in this case was that there was non-joinder of necessary parties plaintiff and that the trial judge erred in overruling counsel's motion to reopen the case for the purpose of filing their exception of non-joinder. We did not intend to, and did not, rule on any other point. The statements in the opinion with reference to a lease contract, the removal of shells, the digging of the ditch, and the cutting of trees were made for the sole purpose of showing plaintiffs' alleged cause of action. Such statements were not intended to indicate our opinion as to any fact relating to the merits of the case, and for that reason are not binding on either side.

Rehearing refused.