The plaintiff, Magee W. Ott, filed this action against Lucille May Grace, Register of the State Land Office, and Jeff Newsom, holder of homestead certificate, to annul a tax adjudication to the State of Louisiana of a 100 acre tract of land in Tangipahoa Parish for the nonpayment of 1932 taxes. In addition plaintiff seeks a writ of preliminary injunction restraining Miss Grace, as Register, and Jeff Newsom from proceeding further with the homestead entry. Counsel for the respective litigants have executed an agreed statement of facts in addition to the documentary proof and notes of evidence presenting these facts.
The plaintiff purchased of Ott-Womack Supply Company a judgment against W.N. Newsom and J.E. Newsom. By authority of this judgment execution was levied upon the West half of the 100 acre tract of land in question. This west half of the 100 acre tract was acquired by the judgment debtor, Willie Newsom, by authentic act dated June 18, 1932, from Mrs. Bertha Lyons, Mrs. Bertha Lyons having previously acquired the entire 100 acre tract from J.E. Newsom April 6, 1931. Mrs. Bertha Lyons was assessed with the whole 100 acre tract in 1932 described as being: Bounded North by Phillips, East by Powell, South by Cline and West by Anderson, Township 2, South of Range 7 East, St. Helena Meridian. Upon his purchase on June 18, 1932, Willie Newsom took physical possession of the West half of said tract and has remained continuously in possession of said tract up to and including the date of the filing of this suit. On March 5, 1934, the entire 100 acre tract was adjudicated to the State of Louisiana under an assessment in the name of Mrs. Bertha Lyons for the nonpayment of taxes for the year of 1932. No notice to pay delinquent taxes was served on Willie Newsom. In 1938 Mrs. Bertha Lyons redeemed the East Half of the tract in question and Jeff Newsom, the emancipated minor son over the age of 18 years, of Willie Newsom made Application No. 803 to Miss Lucille May Grace, Register of the State Land Office, to homestead the West Half of said tract in accordance with the provisions of Act No. 235 of 1938.
Miss Lucille May Grace has filed pleas to the jurisdiction, rationae materiae and rationae personae; exception of non joinder of party plaintiff, exception of no cause of or right of action and plea of prescription of 3 and 5 years. Defendant, Jeff Newsom, filed exception of vagueness, no cause of and no right of action. These exceptions were overruled and the matter assigned for trial and previous to the induction of testimony objections were made to the effect that in view of the fact that this is an action to annul a tax adjudication that the Sheriff who is ex-officio tax collector is a necessary party defendant. After trial upon the merits the District Judge granted the injunctional relief prayed for and annulled and avoided the tax adjudication in the name of Mrs. Bertha Lyons to the State of Louisiana for taxes due for the year of 1932.
Plaintiff's action is determined by the contents of the prayer to his petition. The prayer of plaintiff's petition as has been stated is to annul the tax adjudication to the State of Louisiana in question and the basis for the granting of the injunction according to the prayer and the petition is the alleged nullity of the adjudication by reason of the failure to serve notice upon the tax debtor as required by law. Since this is an action to annul a tax adjudication Act No. 73 of the General Assembly of the State of Louisiana of 1914 is controlling.
"Section 2. * * * that the suits which may be brought under this act shall be instituted in the District Court of the district in which the property affected is situated and that all citations and other legal process shall be made, in the Parish of Orleans, on the State Tax Collector; *Page 140 
and outside of the Parish of Orleans, on the Sheriff of the Parish where the property is located, in the manner and form prescribed by law for service of citation and other process."
The attention of the court is likewise directed to Code of Practice Article 163.
We have concluded that inasmuch as Act No. 73 of 1914 is specific legislation as to recourse, service of legal process and venue in such actions to annul tax adjudications, the Twenty-First Judicial District Court, Parish of Tangipahoa of the State of Louisiana has jurisdiction.
Through objection to the evidence our attention is directed to the fact that the Sheriff and tax collector for the Parish of Tangipahoa, State of Louisiana is not made a party defendant.
In view of the provisions of the above act the Sheriff is a necessary party and no effective legal process could issue except through him. There is, therefore, nonjoinder of parties defendant. While under technical rules of pleading a plea of nonjoinder of party defendant should be filed in limine litis, however, the court should take cognizance of the absence of necessary parties. This lack of proper parties can be urged either by special plea or by the court ex proprio motu and even in applications for a new trial, as is pointed out in the decision of De Hart et al. v. Continental Land Fur Co., Inc., et al., 196 La. 701, 200 So. 9, 13:
"The lack of proper parties in this case is shown by the pleadings. When the absence of a necessary party or parties is apparent from the record, the court may take notice of that fact on its own motion and may refuse to proceed further with the case. Cucullu v. Walker, 16 La.Ann. 198; Ashbey v. Ashbey, 41 La.Ann. 138, 5 So. 546; Burney's Heirs v. Ludeling, 41 La.Ann. 627, 6 So. 248; Willis v. Wasey, 42 La.Ann. 876, 8 So. 591, 879; Blum Co. v. Wyly, 111 La. 1092, 36 So. 202; Succession of Todd,165 La. 453, 115 So. 653; Harvey v. Engler, 184 La. 858,168 So. 81."
Plaintiff urges the case of Wederstrandt et al. v. Freyhan, 34 La.Ann. 705, 706, as authority that the tax collector is not a necessary party. This case is not in point as the judicatee in that case was an individual, whereas in the case at bar the property was adjudicated to the State of Louisiana and therefore the only authority permitting the institution of an action against the State of Louisiana is Act No. 73 of 1914. It is fundamental that the benefits of legislation accrue to those who comply with its provisions.
The exception of non-joinder of parties plaintiff is directed at the fact that Willie Newsom, the tax and judgment debtor and owner of the property when the property was adjudicated to the State in 1934, is not made either a party plaintiff or party defendant.
Again, this proceeding is to annul the tax sale, coupled with the writ of injunction. The writ of injunction is based on the illegality of the sale. The outcome of the trial, as held in this case, would be the annulment of the sale, thus restoring the ownership of the property in Willie Newsom, thus affording plaintiff the right to a writ of fi. fa. Willie Newsom therefore is primarily interested in the outcome of the suit. In the words of the Supreme Court: "It is elementary that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing." Heirs of Burney v. Ludeling, 41 La.Ann. 627, 6 So. 248, 251. The judgment rendered in the case could not be pleaded as res adjudicata as against an action which can be brought by Willie Newsom involving the same property and issue. It is our opinion that he should have been joined as party plaintiff, or allegations showing why and then made a party defendant. The law abhors a multiplicity of suits.
This question was likewise presented in the De Hart case, supra, which cited with approval the earlier jurisprudence upon the right of a defendant to be proceeded against in one action by all parties in interest.
"In the case of Reed v. Warren, 172 La. 1082, 136 So. 59, 60, the question before the court was `whether several persons having a right of action for damages against one who inflicted personal injuries causing the death of another must be made parties to one suit for damages, or may bring as many suits as there are persons entitled to the right of action'. It was held that the defendant had a right to insist that all having a right of action should be made parties to a single suit. The ruling in that case was reaffirmed in Norton et al. v. Crescent City [Ice] Mfg. Co.,178 La. 135, 150 So. 855." *Page 141 
For the reasons herein assigned the judgment appealed from is reversed and set aside and plaintiff's action is dismissed without prejudice and as of non suit; costs of this appeal and of the District Court to be borne by plaintiff.
OTT, J., recused.