There is involved in this case the ownership of one five-hundred gallon butane gas tank that was placed on land of A. A. Booras, in Caddo Parish, Louisiana, to service his home and other buildings, under a written lend-lease agreement which was not placed on record.
On September 2, 1947, Booras sold the land on which the tank was located to Glenn V. Wilson. There is no specific reference to the tank in this act of sale. Thereafter, plaintiff demanded of Wilson that he either purchase gas from it, as was *Page 638 
stipulated in the contract with Booras, or return the tank. He refused to accede to either demand and this suit was instituted against him to have plaintiff's alleged ownership of the tank recognized and possession thereof restored to it.
Defendant does not challenge plaintiff's position with respect to the nature of the contract under and by which the tank was placed on Booras' premises, but contends and argues that the tank, after being placed on the land, became a permanent improvement for the service of the premises; that it thereby became an immovable by nature and destination and passed to defendant in ownership by the act of sale to him from Booras; that he purchased the land with all improvements thereon without notice of the contract between Booras and the plaintiff and is protected in his ownership of the tank by the registry laws of the state.
Defendant called Booras in warranty and prayed for judgment against him for the value of the tank and for attorney's fee in the event plaintiff should succeed in its demand. Booras, being a non-resident, jurisdiction upon him was effected by attachment of his checking account in a Shreveport bank, which was impleaded as garnishee. However, without reservation through counsel, he came into court and answered the call in warranty. He challenged the correctness of defendant's position in the case and joins the plaintiff in its contentions with respect to ownership of the tank. He avers that he never did own the tank and did not sell, nor did he intend to sell the same to the defendant; that the movable character of the tank has not undergone any change. He additionally avers that on June 14, 1948, after this suit was filed and served, defendant sold the property on which the tank is located to one Thomas E. Brown, deed thereto being recorded in the conveyance records of Caddo Parish; and, therefore, neither he nor defendant is in possession of the tank and are not in a position to deliver possession thereof to the plaintiff should the court decree it to be the owner thereof.
The demand of the plaintiff was rejected and its suit was dismissed. It and the defendant prosecute appeal from said judgment.
On trial it was established by introduction of the act of sale between them that defendant sold the land and premises on which the tank is located to said Brown several weeks after this suit was filed, and therein no mention of the tank is made.
It is admitted that notice of lis pendens was not recorded when or after the suit was filed.
As the warrantor and the defendant insist that defendant Wilson no longer has possession of the tank, a decree of the court ordering him to deliver possession thereof to plaintiff would be ineffective, as Brown is not a party to the suit, and judgment against Wilson and/or Booras would not be binding on him, we address ourselves first to this question.
Neither defendant nor the warrantor cites authorities on this phase of the question. Plaintiff has not in brief or otherwise discussed the issue.
In view of the situation, as stated above, our duty is clear. It would be vain and idle for us to proceed to a decision of the case as presently constituted. There is non-joinder of defendants. Brown is a necessary party to the suit and until he has been impleaded no further action in the case can be properly taken.
The general rule that the question of non-joinder of parties should be tendered in limine has not a controlling influence where the absence of a necessary party to a suit is, from the record, manifest to the court. The court, in such circumstances, may take notice of such fact and direct such procedure as, in its judgment, will bring before it all persons whose interest will be directly affected by the judgment to be rendered in the case.
In De Hart et al. v. Continental Land and Fur Company, Inc., et al., 196 La. 701, 711-712, 200 So. 9, 13, Justice Odom, as the court's organ, said: "The lack of proper parties in this case is shown by the pleadings. When the absence of a necessary party or parties is apparent from the record, the court may take notice of that fact on its own motion and may refuse to proceed further with the case."
The following array of authorities is cited to support this holding of the court, *Page 639 
to wit: "Cucullu v. Walker, 16 La. Ann. 198; Ashbey v. Ashbey; 41 La. Ann. 138, 5 So. 546; Burney's Heirs v. Ludeling, 41 La. Ann. 627, 6 So. 248; Willis v. Wasey, 42 La. Ann. 876, 8 So. 591, 879; Blum Co. v. Wyly, 111 La. 1092, 36 So. 202; Succession of Todd, 165 La. 453, 115 So. 653; Harvey v. Engler,184 La. 858, 168 So. 81."
For the reasons herein given, the judgment from which appealed is reversed, annulled and set aside; this case is now remanded to the lower court with direction that Thomas E. Brown, vendee of Glenn v. Wilson, be made a party defendant and be served with process; and that the case thereafter be proceeded with in keeping with the views herein expressed and law applicable thereto.
It is further ordered that costs of appeal be and they are hereby assessed against plaintiff and defendant in equal proportions and that fixing of liability for all other costs be suspended until final judgment in the case.