57 So.2d 896 (1952)
220 La. 923
JAMISON et al.
v.
SUPERIOR OIL CO.
No. 40091.
Supreme Court of Louisiana.
February 18, 1952.
Rehearing Denied March 24, 1952.
F. P. Jones, Jr., Houston, Tex., Liskow & Lewis, Lake Charles, Andrus & Thistlethwaite, Opelousas, for defendant-appellant.
Kenneth Boagni, Chas. F. Boagni, Jr., Opelousas, and Warren M. Simon, New Orleans, for plaintiffs-appellees.
HAMITER, Justice.
The defendant herein, the Superior Oil Company, is appealing from a judgment (based on the verdict of a jury) which, in accordance with the prayer of plaintiffs' petition, orders the cancellation of an oil, gas and mineral lease, except as to ten acres surrounding a producing well, and *897 condemns such defendant to pay certain damages and attorney's fees.
In complaining of the verdict and judgment appellant urges here five separate contentions, one of which is that the suit should have been dismissed because the record discloses a lack of necessary parties. To this specific contention we direct our immediate attention, for if it is meritorious the others (which deal mainly with the merits of the case) cannot now be considered.
It is well established that every person who may be affected by a decree must be made a party to the suit, because no one should be condemned without a hearing. Heirs of Burney v. Ludeling, 41 La.Ann. 627, 6 So. 248; Succession of Todd, 165 La. 453, 115 So. 653; Commercial National Bank in Shreveport v. Haas, 182 La. 502, 162 So. 57. And where a lack of necessary parties is apparent the court of its own motion may take cognizance of the defect; it cannot proceed properly without such parties. Ashbey v. Ashbey, 41 La. Ann. 138, 5 So. 546; Succession of Todd, supra; De Hart v. Continental Land & Fur Company, Inc., 196 La. 701, 200 So. 9; Bologna Brothers v. Stephens, 206 La. 112, 18 So.2d 914; Douglas v. Haro, 214 La. 1099, 39 So.2d 744.
The principal demand in the instant suit is for the cancellation of an oil, gas and mineral lease affecting approximately 191 acres of land in St. Landry Parish. This lease was executed on September 8, 1932, by Adolph Savoie and his wife, Colestie Domingeaux, the then landowners. According to the record the wife died prior to the commencement of this litigation leaving several children, issue of her marriage with the named husband, who do not appear herein either as plaintiffs or defendants. The defendant contends that these children necessarily inherited from their mother an interest in a part of the land and, therefore, they must be made parties to this proceeding. But assuming that an interest was so inherited there is nothing to show that it was still outstanding in such heirs when this suit was instituted. It might well have been conveyed by them in the meantime to some of the present plaintiffs. In fact, the plaintiffs herein (except one who claims to be a mineral owner) allege, in their petition, that they "are the present owners in fee simple" of the property; and the defendant, in answering that allegation, admits that such plaintiffs "are the owners of the fee title of the land therein described." Hence, from the record we cannot conclude that the above referred to children are necessary parties, as defendant contends.
It is our opinion, however, that there is a necessary party defendant whom these plaintiffs have failed to name and cite, such party being the owner of an undivided one-half interest in the oil, gas and mineral lease herein sought to be cancelled. The lease, as the record discloses, was obtained orginally by one Clarence A. Wiggins who, later, assigned it to the Adams Louisiana Corporation. This corporation conveyed an undivided one-half interest therein to one W. M. Keck, Jr., and such interest was ultimately acquired (through mesne assignments) by the Superior Oil Company, which company is the sole defendant herein and presently owns only that one-half interest as is recited in its answer. The other undivided one-half interest was assigned by the Adams Oil & Gas Company (formerly the Adams Louisiana Corporation) to H. N. Greis as Trustee for Deep Rock Oil Corporation, the present owner thereof. Neither this corporation nor its trustee has been made a party to this suit.
Under an agreement affecting both undivided interests, it is true, the Superior Oil Company operates the lease. But, obviously, the arrangement was decided upon principally for purposes of convenience, for, as shown by the agreement, the joint owners share equally in the cost of operating the lease and also in all profits therefrom.
Unquestionably, the undivided one-half leasehold interest now owned by H. N. Greis as Trustee for Deep Rock Oil Corporation would be greatly affected by the decree demanded herein by plaintiffs, it being one ordering the cancellation of the entire lease. And it follows that such owner must be made a party to this proceeding.
*898 Rather than dismiss the suit, as defendant suggests, we shall remand the case to permit the impleading of any necessary party or parties, the right being reserved to all litigants to file appropriate pleadings and to introduce evidence material and relevant thereto. In other cases we have resorted to this procedure. De Hart v. Continental Land & Fur Company, Inc.; Bologna Brothers v. Stephens; Douglas v. Haro, all supra.
For the reasons assigned the verdict of the jury and the judgment of the district court are annulled and set aside, and the case is remanded for further proceedings consistent with the views herein expressed and in accordance with law. Costs of this appeal shall be paid by plaintiffs; all others are to await the final determination of the case.