118 So.2d 889

**TENNESSEE GAS TRANSMISSION COMPANY**

v.

**Albert DEROUEN.**

No. 43797.

March 21, 1960.

Landry, Watkins, Cousin & Bonin, New Iberia, for plaintiff-appellant.

George W. Liskow, Lon Tyndall, Lake Charles, for appellee.

HAMLIN, Justice.

Plaintiff, Tennessee Gas Transmission Company, who was granted a certificate of public convenience and necessity by the Federal Power Commission for the construction of an additional pipe line in Louisiana, brought this expropriation proceeding for a right of way and easement over certain described land alleged to be owned by the defendant, Albert Derouen.

Defendant filed an exception of lack of indispensable parties, in which he recited:

"There is a failure to join indispensable parties to this proceeding as parties Defendant for the reason that the Defendant, Albert Derouen, is not the sole owner of the property over which the easement in this cause is sought to be expropriated, but is the survivor in community of his deceased wife and co-owner in indivision with his five children who would be affected by the judgment herein but who have not been named as parties Defendant."

After overruling the exception, the trial judge heard the case on its merits and rendered judgment awarding to plaintiff a permanent right-of-way and servitude of 50 feet (100 feet during construction) in width for the construction of a pipe line over certain described land and ordering plaintiff to pay to the defendant $648.90 for the full value of the right-of-way and servitude, $495 as damages for the cost of releveling, $258 as damages for additional expenses of tillage and cultivation, $528 as damages for future loss of production on the right-of-way and servitude, and $1,430 as total severance damages to the 143-acre tract involved.

Plaintiff appealed to this Court, urging that the award for depreciation or severance damage based upon a percentage estimate of value lost to the entire property was not founded on substantial grounds. It further contended, "The District Court erred in awarding to the defendant the value of the servitude in full ownership and the full amount of damages to the remaining land, notwithstanding the defendant owned only a one-half interest in the land involved."

Appellee filed no brief in this Court, nor did he appear on the day set for argument. Before arguing his case, counsel for appellant stated that his client had negotiated with defendant's children for a transfer of their share of the property herein involved, and that they were awaiting the decision of this matter for execution of the transaction.

■ The instant record contains a stipulation, which recites:

"* * * the defendant Albert Derouen is the owner of an undivided one-half interest in the subject property together with the usufruct on the remaining one-half interest, as surviving widower in community with Edolie Mayard; the remaining one-half interest is owned by five children of the marriage of Albert Derouen and Edolie Mayard, subject to the usufruct in favor of Albert Derouen."

It is clear from the above stipulation, which is substantiated by the exception of lack of indispensable parties, supra, that defendant owns only one-half of the property herein involved, having a usufruct of the remaining one-half. His children, who have the naked ownership of the latter one-half, will definitely be affected by the present expropriation proceeding and the servitude granted by the trial court. The allegations of error, supra, and the statement made in this Court reflect that plaintiff is cognizant of the fact that defendant is not the owner of the entire property involved.

"It is elementary that every party who may be affected by a decree must be made a party to a suit, because no one should be condemned without a hearing. This principle is sanctioned in numerous decisions of this court. * * *" Heirs of Burney v. Ludeling, 41 La.Ann. 627, 6 So. 248, 251. See, Jamison v. Superior Oil Co., 220 La. 923, 57 So.2d 896; Ashbey v. Ash-

bey, 41 La.Ann. 138, 5 So. 546; Taylor v. Dunn, 233 La. 617, 97 So.2d 415.

In the instant case, the lack of necessary parties—the children of the defendant—is apparent to this Court. Even though appellee did not answer the appeal and insist that the trial court was in error in overruling his exception of lack of indispensable parties, this Court could not properly proceed in the matter without his children being named as parties defendant.

"* * * When the absence of a necessary party or parties is apparent from the record, the court may take notice of that fact on its own motion and may refuse to proceed further with the case. * * *" De Hart v. Continental Land & Fur Co., Inc., 196 La. 701, 200 So. 9, 13. See, Succession of Todd, 165 La. 453, 115 So. 653; Jamison v. Superior Oil Co., 220 La. 923, 57 So.2d 896; Boyle v. Streiffer, La. App., 65 So.2d 393; Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65.

Having concluded that the exception of lack of indispensable parties was well founded and should have been sustained by the trial judge, it is unnecessary for us to consider the other issues posed herein. The maintenance of the exception of lack of indispensable parties does not require the abrupt dismissal of this suit, but only that plaintiff be ordered to make the necessary parties defendants to this

cause. Williams Inv. Co. v. McWilliams, 174 La. 1053, 142 So. 611; Francis v. Blache, La.App., 17 So.2d 29.

For the reasons assigned, the judgment appealed from is reversed and set aside. It is now ordered that defendant's exception of lack of indispensable parties be maintained, and that this case be remanded to the Fourteenth Judicial District Court for the Parish of Calcasieu, in order that plaintiff may make the children of the defendant parties defendant, and for further proceedings conformable with law and consistent with the views herein expressed. The costs of this appeal are to be paid by plaintiff; taxation of other costs is to await final determination of the case.