TALIAFERRO, Judge.
The several plaintiffs, being the heirs and legal representatives of Miss Topsy May, deceased, instituted this suit against the defendant, J. Ben Taylor, to establish title to a tract of land across (east and west) the NW 1/4 of SW 1/4, Section 19, Township 23 North, Range 1 East, 62 1/3 yards wide, in Union Parish, Louisiana, alleged to contain 6 2/3 acres, but which, in reality, contains only 5 2/3 acres. Physical possession of the land is disclaimed. The provisions of Act No. 38 of 1908 are availed of. Both sides trace title to one O. A. Bennett. Defendant has deed to one-half interest in the land from Bennett, not dated, but recorded April 19, 1924, while Miss May acquired title to the whole tract by sheriff’s deed, under writ of fi. fa., dated June 14, 1924. She had previously instituted suit against Bennett, a non-resident, and had the land attached. A money judgment was rendered in her favor with recognition of the lien resulting from the seizure under the attachment. The fi. fa. issued on this judgment.
On July 31, 1948, the defendant procured from Bennett another deed, with exclusion of warranty, to the entirety of the land.
Defendant challenged the validity of the sheriff’s deed to Miss May on several grounds and asserted ownership to the entirety of the land by and through the deeds to him from Bennett. The Court held that the plaintiffs and the defendant each owned an undivided one-half interest in the tract, and signed judgment accordingly on June 20, 1949. Neither side appealed.
On September 23, 1949, one James C. Pittman petitioned the Court for and was granted a devolutive appeal from the judgment insofar as same decrees plaintiffs to own only one-half interest in the land. He avers that he holds a mineral lease from plaintiffs embracing all of the said tract, of date prior to the filing of this suit, and that he is aggrieved by the judgment. Appeal was perfected. The case is now before us on this appeal. .
J. Ben Taylor has filed a motion to dismiss the appeal on these grounds, to wit:
1. That the judgment as between the original parties is now final and cannot be altered or changed as regards their respective interest, both being appellees. Therefore, mover, in his motion, argues that the appeal presents a moot question.
2. That the record, as presently made up, does not disclose, to any extent, that appellant has any interest in the minerals in or under the land; that since the recitals of fact in his petition for order of appeal, are not supported by the record, they must be disregarded;
3. That, as appellant did not intervene in the suit prior to judgment, but awaited the outcome of suit by his alleged lessors, he is now precluded from injecting himself therein;
4. That this Court is without jurisdiction ratione materiae because there is in dispute values in excess of $2,000.
(a) That since the entering of the stipulation between counsel that the value of the property was not in excess of $2,000, a producing oil well was brought in on a unit of which this land forms a part, and there is now accumulated “oil production benefits in excess of $4,000.00, to the knowledge of the appellant.”
Appellant has filed here what, from its tenor, might properly be denominated an answer to the motion to dismiss the appeal, to which is attached a copy of a mineral lease purporting to have been signed by the plaintiffs unto appellant, covering the whole of the land, wherein a consideration of $2,000 is expressed, same being dated October 7, 1948. We are asked to consider this lease as part of the record. This, we cannot do. Being an appellate Court, vested with jurisdiction solely to consider appeals and adjudicated cases properly before it upon the record as made up in trial courts, the right to receive, weigh and consider evidence not introduced during trial is not ours.
*140 It is obvious that as the plaintiffs, prior to the institution of this suit, executed mineral lease of the land to Pittman, the appellant, for $2,000, he has involved herein a very substantial, and a highly valuable interest, and is very much concerned as to who is finally adjudged to be the owner of the land. A decision o'f the suit instituted by the plaintiffs would not be binding upon him. The fact that the parties to the suit appear to have acquiesced in the judgment by not appealing, accentuates the importance to appellant of having his day in court.
On the question of jurisdiction, there is serious doubt of the right of this Court to entertain same.
It has often been held by the courts of this state that the non-joinder of a necessary party to a suit will be noticed and proper action taken by the court, ex proprio motu, to the end that such party be impleaded. By so doing the rights of all concerned are protected and institution of another suit or suits avoided.
This Court, not so long ago, was confronted with the identical question in Holicer Gas Company, Inc., v. Wilson, et al., La.App., 39 So.2d 637, 638. We therein said: “The general rule that the question of non-joinder of parties should be tendered in limine has not a controlling influence where the absence of a necessary party to a suit is, from the record, manifest to the court. The court, in such circumstances, may take notice of such fact and direct such procedure as, in its judgment, will bring before it all persons whose interest will be directly affected by the judgment to be rendered in the case.”
Reference was made to DeHart et al. v. Continental Land and Fur. Company, Inc., et al., 196 La. 701, 200 So. 9. This course will be followed in the present case.
For the reasons herein given, the judgment from which appealed is annulled and set aside, and this case is now remanded for the two-fold purpose, viz.:
1.- To implead James C. Pittman, appellant, or in case this is not done, to allow him opportunity to intervene in the case and assert such rights as properly inhere to his status as lessee of the plaintiffs; and
2. To allow the introduction of testimony concerning the value of the property rights involved herein in order to determine the question , of appellate jurisdiction.
Costs of appeal shall be paid equally by appellees..
Fixing of liability for all other costs will await final judgment on the merit0