YARRUT, Judge.
This is an appeal from a judgment in a summary proceeding ordering the Lessee to vacate the leased premises for allowing illegal gambling on the premises, in violation of the specific terms of the lease, and the Constitution and statutes of the State.
 The district judge overruled Defendant’s exception of nonjoinder for failure to join the Sublessee as a Defendant, heard the case on the merits, and rendered judgment ordering Lessee to vacate the premises, from which this appeal was taken.
The basis of the nonjoinder is that the primary lease was made with Defendant Capaldo, with the right of sub-letting with the written approval of Lessor. In reply to a request by Lessee that Lessor give his written consent in writing to a sublease, Lessor wrote Lessee on November 4, 1958, as follows:
“With reference to your lease of my property, located at 715 Elise Avenue, Metairie, Louisiana, which lease is dated May 16, 1957, and runs for a period of five (5) years commencing June 7, 1957; please be advised that you are hereby authorized to sub-lease this property, as fully described in the above mentioned lease, for the purpose of a Community Center, for Club Meetings, Association Meetings, and any allied use. The terms of this sublease can be for any period not to exceed the expiration date of the original lease.
“In the event that you sub-lease this property to the Jefferson Democratic Organization and/or the Jefferson Parish Peace Officers Association, I hereby agree to reduce the rent from $350-00 per month, as shown in the original lease to $325.00 per month, effective at the time of the signing of the sublease. I further agree that in connection with $175.00 back-rent, which was due as of October 31, 1958, it is hereby *89 waived if the sub-lease agreement is made between yourself and the Jefferson Parish Democratic Organization and/or the Jefferson Parish Peace Officers Association.
“This agreement, if accepted by you, supercedes any clauses in the original lease which may be in conflict with this agreement. This instrument shall remain in full force and effect so long as the sub-lease exists.”
Subsequently, the sublease between Lessee and the Parish Democratic Organization, Inc. was approved in writing by Lessor, in which written approval the rent of the Lessee was reduced from $350 to $325 per month. The rent between Lessor and Sublessee was fixed at $200 per month.
The Sublessee was not a party Defendant nor represented at the trial. After Lessor submitted the proof of illegal gambling, Lessee submitted the case without any defense. As a result, Sublessee loses his sublease without being made a party, or being heard.
Art. 641, new LSA-Code of Civil Procedure, reads:
“Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
Art. 642, of the same Code, defines necessary parties, to-wit:
“Necessary parties to an action are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy.
“An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction.”
In Saunders v. Flowers, 218 La. 472, 49 So.2d 858, it was held that the test whether one should be made a party Defendant in a given case relates to the interest which he may have in the outcome of the suit, and how he would be affected by the judgment to be rendered.
Our Supreme Court held that in an ordinary case there is no privity of contract between a Lessor and a Sublessee. However, this is not a simple case of a Lessor and a Sublessee. Plere, the sublease was made with the expressed written consent of Lessor, who signed and approved the sublease and reduced the Lessee’s rent.
When the alleged use of leased premises is in violation of the terms of the lease, ex contractu and/or the constitution and statutes or ordinances of the state or municipality, during the exclusive occupancy of a sublessee, whose sublease has been expressly approved in writing by the lessor, a proceeding for the cancellation of lease and possession of premises should not be maintained without joining the sublessee as a party defendant for his day in court to protect his right of occupancy under the sublease.
For the reasons assigned, the exception of nonjoinder is maintained, the judgment of the District Court set aside, and the matter remanded to the District Court to permit the Sublessee being joined as a Defendant, the case thereafter to be proceeded with on the merits according to law, nothing herein to be construed for or against the findings of the District Coui t on the present status of the case.
Judgment set aside; remanded.