REGAN, Judge.
The plaintiff, John W. Worley, filed suit against the defendants, Mr. and Mrs. William S. Alford, endeavoring to obtain a preliminary injunction restraining the defendants from operating a postal sub-station on their property, which he asserts is in violation of a covenant contained in their chain of title which restricts the use thereof to residential purposes.
In response thereto, the defendants pleaded exceptions directed at the lack of jurisdiction of the court ratione materiae, non-joinder of necessary parties, non-joinder of indispensable parties, and no cause of action, all of which were overruled by the trial court.
The defendants then applied to this court and requested the issuance of supervisory writs. An evalution thereof revealed that writs should be granted, confined to determining the validity of the defendants’ exception of non-joinder of indispensable parties.
The record, in connection therewith, reveals that the plaintiff and the defendants are owners of contiguous lots in the Terry-town Subdivision in Jefferson Parish, Louisiana. The defendants entered into a contract with the United States Post Office Department for the operation of a postal sub-station on their property.
Counsel informs us that a portion of the premises was leased to the Post Office Department; however, the contract itself has not been offered in evidence, and consequently the existence vel non of a contract of lease has not been established with that certainty required by law. In any event, the record does reflect that the defendants contracted with the Post Office Department for the operation of a postal sub-station on the premises, and the business thereof commenced in February, 1965.
The plaintiff instituted this suit against the defendants as private individuals, and omitted to join the United States or the Postmaster General as a party defendant. Therefore, the only question posed for our consideration is whether the United States and/or the Postmaster General is an indispensable party defendant to the plaintiff’s suit for injunctive relief.
The concept of indispensable parties is defined in Article 641 of the Code of Civil Procedure as follows:
“Indispensable parties to an action are those whose interests in the subj ect matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjudication of an action can be made unless all indispensable parties are joined therein.”
The lower court predicated its rejection of the defendants’ exception of non-joinder of indispensable parties on the fact that the suit was not one against the government, but rather a suit between private individuals over the enforcement of a restrictive covenant encumbering their respective properties. The lower court further asserted that even if the incidental effect of the injunction sought by the plaintiff would be to close the sub-station, the United States possessed a remedy in the Federal courts.
An evaluation of the facts set forth above clearly shows that either the United *233 States or the Postmaster General[1] must be joined herein as an indispensable party defendant. Assuming, as the record suggests, that the Post Office Department is the lessee of a portion of the premises, the jurisprudence reveals that the lessee is an indispensable party to a suit against the owner of the leased premises contesting the propriety of the use thereof.[2]
Moreover, the issuance of an injunction against the defendants, restraining them as private parties from using their property for other than residential purposes, would obviously have the effect of closing the postal sub-station. We are convinced that the interests of the United States and/or the Post Office Department are so interrelated and would be so seriously affected by such a judgment that a complete and equitable adjudication of the controversy could not be made unless they are joined in this action. It is the general rule that a suit is in fact against the government if the relief sought would interfere with public administration or restrain the government from acting.[3]
For the foregoing reasons the judgment of the lower court dismissing the defendants’ exception of non-joinder of indispensable parties is annulled and set aside, and judgment is hereby rendered maintaining said exception. In addition, this case is remanded to the lower court for amendment of the pleadings in conformity with the rationale expressed herein and for such further proceedings as the nature of the case may require.
All costs incurred in this court are to be paid by the plaintiff. All other costs are to await the final determination hereof.
Reversed and remanded.

. The choice of defendants will depend, of course, on who actually executed the contract in question.

. Boyle v. Streiffer, La.App., 65 So.2d 393; DiMaggio v. Capaldo, 131 So.2d 87. See also Breazel v. Taylor, La.App., 46 So.2d 138.

.Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15; Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209; Ex parte State of New York, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057.